AFFILIATED FOOD STORES, INC. *v.* FARMERS AND MERCHANTS BANK of Des Arc, Arkansas

89-212                                                   780 S.W.2d 20

Supreme Court of Arkansas
Opinion delivered November 20, 1989

*David E. Smith*, for appellant.

*Robert M. Abney, P.A.*, for appellee.

DAVID NEWBERN, Justice. In this appeal we must decide which of two parties was first to perfect its security interest in the inventory of a grocery store and is thus entitled to the proceeds of the sale of the inventory to satisfy a debt. Our holding is that the creditor which was the first to file with the office of the secretary of state prevails.

On November 1, 1986, Bill Rogers sold a grocery store named "Scotty's Affiliated Foods" to Bob Davis d/b/a Bob's Supermarkets of Arkansas, Inc., (Bob's). Davis changed the store's name to "Bob's Thriftway." Rogers paid off his account with the appellant, Affiliated Food Stores, Inc., (Affiliated), the company which had supplied the store's inventory. On November 3, 1986, Davis signed a security agreement with Affiliated giving it a security interest in the new inventory he then purchased for the store. On November 4, 1986, Davis signed an agreement with the appellee, Farmers and Merchants Bank of Des Arc, Arkansas, giving the bank a security interest in the inventory of the store. The agreement showed the name of the borrower to be Bob's Supermarkets of Arkansas, with a Little Rock address. The bank had loaned Davis $62,083.64, including its finance charge, as purchase money to assist Davis in purchasing the store. On November 7, 1986, Affiliated supplied inventory to the store, thus giving value in accordance with its agreement with Davis.

On November 7, 1986, the bank filed its financing statement and security agreement with the Prairie County Circuit Clerk. On November 18, 1986, Affiliated filed its financing statement with the Prairie County Circuit Clerk. On November 19, 1986, Affiliated filed its financing statement with the secretary of state's office. On November 25, 1986, the Bank filed with the secretary of state's office.

Thereafter, Bob's became insolvent, and the parties caused

the inventory to be sold. Money from the sale of the inventory, in the amount of $44,748.00, was deposited in the registry of the court. The underlying action was brought by the bank for replevin and to have a receiver appointed. Because the bank received credit for the sale of other items in which the bank held a secured interest, the bank's maximum claim against the fund resulting from the sale of inventory was reduced to $26,688.49. Affiliated was, by agreement of the parties, paid $18,059.51 from the fund. The $26,668.59 remaining in the registry of the court was the object of the competing security interests.

In his order, the trial court held that the bank was entitled to the money. The court noted that priority was to be determined by the "first to file" provision of Ark. Code Ann. § 4-9-312(5) and (6) (Supp. 1989). The court recognized that perfection of a security interest in inventory, Ark. Code Ann. § 4-9-401(1)(c) (1987), requires filing with the office of the secretary of state and provides for local (county) filing if the debtor does business in only one county. Although it was found that Bob's operated stores in more than one county, the court held that the local filing with the Prairie County Circuit Clerk was sufficient because, "this store (Scotty's) was operated as a separate entity, had been assigned a separate account number, and was billed separately by Affiliated Foods." The bank thus prevailed because it had been the first to file in the county where the store was located.

### 1. The filing requirement

The subject of section 4-9-401 is "[t]he proper place to file in order to perfect a security interest. . . ." Subsections (a) and (b) deal with security interests in specific items such as farm equipment, farm products, timber, and minerals. Subsection (c) provides, in relevant part:

> In all other cases, in the office of the Secretary of State and *in addition*, if the debtor has a place of business in only one county of this state, also in the office of the clerk of the circuit court and ex officio recorder of such county. . . . [Emphasis supplied.]

The bank's filing with the circuit clerk on November 7, 1986, would have perfected its security interest only if it had also filed with the secretary of state and if Bob's had been doing business

only in Prairie County.

We find no authority in support of the trial court's apparent conclusion that, because Affiliated kept separate billing records for Scotty's or Bob's Thriftway, that Bob's could be considered to be doing business only in Prairie County. Even if that conclusion were supportable, the bank would not have been entitled to priority on the basis of a first filing. It had not complied with the first requirement of filing with the office of secretary of state until November 25, 1986, which was after Affiliated had filed with both the office of the secretary of state and the Prairie County Circuit Clerk. Although the first filing was by the bank, the bank was not the first to file correctly which, in these circumstances, is required in order for it to have priority over Affiliated, which was the first to file correctly. B. Clark, *The Law of Secured Transactions* § 3.8[1] (Cumm. Supp. No. 3, 1987). *See also* J. White and R. Summers, *Uniform Commercial Code*, § 25-4 (2nd ed. 1980).

If the bank is to prevail, it must be on a basis other than its contention that it filed correctly and filed first.

### 2. Knowledge and good faith

The bank argues that, due to its first filing with the circuit clerk, Affiliated had knowledge of its security interest in the inventory and thus the filing with the circuit clerk was sufficient, citing *In re Davidoff*, 351 F. Supp. 440 (S.D.N.Y. 1972). In that case, in which New York law was applied, it was held that a creditor who had actual knowledge of a prior security interest could not defeat the prior interest on the basis that the prior interest was filed improperly. In the case now before us there is no evidence that Affiliated had actual knowledge of the bank's interest.

Nor do we agree that Ark. Code Ann. § 4-9-401(2) (1987) supports the bank's argument that its incorrect filing prevails because it was made in good faith against a person "who has knowledge of the contents of such financing statement." In the parlance of the Uniform Commercial Code, "knowledge of the contents" means actual rather than constructive knowledge. *First State Bank* v. *United Dollar Stores*, 571 P.2d 444 (Okla. 1977); J. White and R. Summers, *supra*; § 23-15, B. Clark., *The*

*Law of Secured Transactions Under the Uniform Commercial Code* § 3.8[1] (1980).

### 3. Temporary perfection

The bank contends it is protected by Ark. Code Ann. § 4-9-304(5) (1987). That section does give a creditor a 21-day grace period without filing under certain circumstances, but it applies only to "a secured party having a perfected security interest in an instrument (other than a certificated security), a negotiable document, or goods in possession of a bailee other than one who has issued a negotiable document therefore." It is thus inapplicable in this case.

There is another section, 4-9-312(4), providing a similar 21-day grace period, but by its terms it applies to "[a] purchase money security in collateral other than inventory."

### Conclusion

The authorities we have cited, (*see* particularly B. Clark, *supra*, § 3.8[1]), make it clear that in the circumstances presented here priority as between two secured interests depends on the outcome of the race to file correctly. Affiliated was the first to file correctly. The case is reversed and remanded for orders consistent with this opinion.