**Jean HEGGY, Appellant,**

v.

**AMERICAN TRADING EMPLOYEE RETIREMENT ACCOUNT PLAN, Appellee.**

No. 14–02–00768–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 11, 2003.

Rehearing En Banc Overruled Dec. 23, 2003.

Bridget Chapman, John F. Phillips, Houston, for appellant.

C. Henry Kollenberg, Carolyn Ann Russell, Houston, for appellee.

Panel consists of Justices YATES, HUDSON, and FROST.

## SUBSTITUTE OPINION ON REHEARING

J. HARVEY HUDSON, Justice.

Jean Heggy appeals the trial court's denial, in part, of her motion for summary judgment and granting, in part, of summary judgment in favor of American Trading Employee Retirement Account Plan ("American"). American appeals the denial, in part, of its motion for summary judgment. Jean's motion for rehearing is overruled. This court's opinion issued on July 10, 2003, is withdrawn, and this opinion is substituted in its place. We affirm, in part, and reverse and remand, in part.

### I. BACKGROUND

This is the second time this case has been before this court. Robert Heggy, who was employed by American, designated his then current wife, Jean, as the beneficiary of his retirement account. On February 14, 1992, Robert retired from American. On July 26, 1994, Robert and Jean were divorced. In 1994, Robert started receiving monthly payments under his retirement plan in the amount of $1,360.86. On May 21, 1995, Robert married Catherine. On October 31, 1995, Robert died after receiving only 14 monthly payments. The total amount remaining in the retirement account at the time of Robert's death was $144,251.61. Although Robert had married Catherine, he never removed Jean as the designated beneficiary under the plan.

Both Jean, as designated beneficiary, and Catherine, as Robert's wife at the time of his death, claimed entitlement to the proceeds of the retirement account. On December 21, 1995, American filed an interpleader. Catherine filed a motion for

summary judgment seeking all remaining account benefits. Jean, however, did not move for summary judgment. On July 31, 1997, the trial court granted Catherine's motion for summary judgment. On September 8, 1997, the trial court ordered American to deposit all of Robert's accumulated benefits into the registry of the court, directed the clerk to disburse those funds to Catherine, and ordered American to tender all future payments to Catherine. The trial court further awarded American attorney fees incurred in bringing the interpleader.

In accordance with the trial court's order, American started making monthly payments to Catherine. On June 17, 1999, the trial court dismissed all remaining causes of action, making the September 8, 1997 order a final judgment. Jean appealed the final judgment to this court, asking that the judgment entered in Catherine's favor be reversed. *See Heggy v. American Trading Employee Retirement Account Plan,* 56 S.W.3d 280 (Tex.App.-Houston [14th Dist.] 2001, no pet.) (*"Heggy I"*). Jean, however, did not supersede the judgment. Nor did she seek relief against American in her appeal.

While the appeal was pending in this court, Jean's attorney advised American that Jean had obtained an order from the 309th District Court that she is a 50% owner of Robert's American benefits. Jean's attorney further advised that if Jean were successful on appeal, she would look to American to pay the full amount of all the benefits to which she was entitled. American filed a motion for clarification with this court advising us of the 309th court's order and requesting "that if this Court believes [American] should do something other than continue to make payments, that it so clarify the order under appeal and make such orders as necessary to avoid double liability." The motion was carried with the case.

American then requested an order from the trial court directing it to make the remaining payments to the registry of the court pending appeal. On March 6, 2001, the trial court granted American's motion. Catherine received monthly payments in the amount of $1,360.86 from September 1997 through March 2001.

We reversed the summary judgment in favor of Catherine and held that under ERISA (Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1461 (1999 & Supp.2003)), Jean was entitled to receive all benefits remaining in Robert's account at the time of his death.[1] *Heggy I,* 56 S.W.3d at 286.[2] On remand to the trial court, Jean and American each moved for summary judgment. Jean sought from American all the benefits remaining in the retirement account at the time of Robert's death, including amounts already paid to Catherine, attorney fees, and interest. American moved for a summary judgment that it was not liable to Jean for payments it had already made to Catherine and further sought attorney fees for defending its

1. In *Keen v. Weaver,* 2003 WL 21467100, at *5 (Tex. June 19, 2003), the Texas Supreme Court expressly disapproved of our holding in *Heggy I* to the extent that it conflicts with its application of federal common law of waiver. *Keen,* however, has no bearing on the current appeal before us.

2. Although Jean had requested only a remand, we rendered judgment for her. American filed a motion for rehearing arguing that by rendering judgment we effectively granted summary judgment for Jean against American even though she had not moved for summary judgment in the trial court. On August 9, 2001, we granted American's motion for rehearing and withdrew our earlier opinion, reversing and remanding the case to the trial court. Although American requested that we address its liability for payments made to Catherine, we did not do so.

status as an innocent stakeholder. The trial court granted, in part, and denied, in part, Jean's and American's respective motions for summary judgment. The trial court ordered that (1) Jean take nothing on her claim for benefits previously paid or disbursed to Catherine, (2) Jean recover all funds that American had deposited in the registry of the court, including accumulated interest, pursuant to the trial court's March 6, 2001 order, (3) American make all future payments into the registry of the court, and the clerk pay those funds to Jean, (4) Jean take nothing on her claims for attorney fees and interest, and (5) American take nothing on its claim for attorney fees.

## II. STANDARD OF REVIEW

■ To prevail on a motion for summary judgment, a party must establish that no material fact issue exists and it is entitled to judgment as a matter of law. *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222 (Tex.1999). In conducting this review, we take as true all evidence favorable to the nonmovant, and we make all reasonable inferences in the nonmovant's favor. *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999). When both sides move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review all summary judgment evidence, determine all questions presented, and render the judgment the trial court should have rendered. *Bradley v. State ex rel. White*, 990 S.W.2d 245, 247 (Tex.1999).[3]

## III. INTERPLEADER

■ Jean argues American is not entitled to interpleader status because it

failed to satisfy all the requirements of Rule 43 of the Texas Rules of Civil Procedure. Under Rule 43, a party who receives multiple claims to funds in its possession may join all claimants in one lawsuit and tender the disputed funds into the registry of the court. TEX.R. CIV. P. 43; *Cable Communications Network, Inc. v. Aetna Cas. & Sur. Co.*, 838 S.W.2d 947, 950 (Tex.App.-Houston [14th Dist.] 1992, no pet.). A party faced with competing claims obtains a discharge of liability to the competing claimants by interpleading the funds. *Petro Source Partners, Ltd. v. 3–B Rattlesnake Ref. (1990), Ltd.*, 905 S.W.2d 371, 375 (Tex. App.-El Paso 1995, writ denied). A party is entitled to interpleader relief if three elements are met: (1) it is either subject to, or has reasonable grounds to anticipate, rival claims to the same funds; (2) it has not unreasonably delayed filing its action for interpleader; and (3) it has unconditionally tendered the fund into the registry of the court. *Olmos v. Pecan Grove Mun. Util. Dist.*, 857 S.W.2d 734, 741 (Tex.App.-Houston [14th Dist.]1993, no writ). Failure to satisfy any of these elements will defeat a petitioner's standing as an innocent stakeholder and preclude interpleader relief. *Texas Workforce Comm'n v. Gill*, 964 S.W.2d 308, 310 n. 3 (Tex.App.-Corpus Christi 1998, no pet.).

Jean does not challenge the first two elements. In challenging the third element, Jean argues American did not unconditionally tender the fund or property into the registry of the court. Jean complains that although American paid $21,118.81 into the registry of the court, those funds were not deposited until after the interlocutory summary judgment order

---

**3.** Jean moved for a traditional summary judgment. American moved for both a traditional summary judgment and a no-evidence summary judgment. However, we need not address American's no-evidence summary judgment.

had been signed—two years after the filing of the petition in interpleader, with American retaining the balance of the funds and controlling its disbursement.[4]

If the disputed funds are not actually paid into the registry of the court, they must be tendered and the tender must be unconditional in order to be valid. *Bank One, Tex., N.A. v. Taylor*, 970 F.2d 16, 25 (5th Cir.1992); *Cockrum v. Cal-Zona Corp.*, 373 S.W.2d 572, 574 (Tex.Civ. App.-Dallas 1963, no writ). In its petition in interpleader, American stated that it "unconditionally offers and is ready to deposit with the court the remaining benefits of Robert Heggy totaling $144,251.61." Although American did not physically deposit the funds into the registry of the court, it tendered the funds into the court. Contrary to Jean's assertion, only an unconditional tender, not a deposit, is required. *Security Nat'l Bank of Lubbock v. Washington Loan & Fin. Corp.*, 570 S.W.2d 40, 43 n. 4 (Tex.Civ.App.-Dallas 1978, writ dism'd). Therefore, American satisfied the unconditional tender requirement.

Jean argues American is not discharged from liability to her for benefits paid to Catherine. In support of this proposition, Jean relies on *Gonzalez v. Texas Employers Ins. Ass'n*, 509 S.W.2d 423 (Tex.Civ.App.-Dallas 1974, writ ref'd n.r.e.). In a suit involving claims for death benefits, the court of appeals in *Gonzalez* considered whether an interpleading stakeholder, who admits liability and offers to pay money into the court, but does not actually do so, is protected against further liability by payment of the money to one of the claimants under a judgment that has been reversed. *Id.* at 424. In *Gonzalez*,

the insurance company filed an interpleader, asserting that it was willing to pay full death benefits but could not determine which of the conflicting claimants-the mother of the deceased employee or his common-law wife—should be paid without subjecting itself to multiple recoveries. *Id.* The trial court granted summary judgment in favor of the mother, and the common-law wife perfected an appeal, but did not file a supersedeas bond. *Id.* The insurance company paid the full amount of the judgment to the mother and obtained a release from her. *Id.* The court of appeals then reversed the judgment of the trial court and remanded the case for further proceedings concerning the issue of common-law marriage. *Id.*

On remand, the insurance company filed a motion for summary judgment, alleging that payment of benefits under the first judgment discharged it as a matter of law. *Id.* at 425. The trial court granted the insurance company's motion for summary judgment. *Id.* On appeal, the insurance company argued the common-law wife had the burden to protect the fund pending appeal by posting a supersedeas bond and by her failure to do so could not later complain if the payment of the money in accordance with the judgment left her with only a claim against the party who received the money. *Id.*

*Gonzalez* framed the issue as whether payment to a party under a judgment pending appeal is equivalent to payment into the registry of the court. *Id.* at 426. The court held it was not, explaining:

> that payment to one party under a judgment does not discharge liability to a different party that may be established after reversal of that judgment. A judgment is not final so long as an

---

4. Although American paid $21,118.81 into the registry of the court, the amount of benefits actually accumulated was $29,938.92 (22 payments of $1,360.86 from December 1995 through August 1997).

appeal is pending, whether or not it has been superseded. Consequently, no right can be asserted under a judgment that has been reversed.

*Id.* The court further stated that if "the money is paid into court to abide the result of the litigation, responsibility for the fund is shifted to the court and further liability to the parties is discharged." *Id.*

 We decline, however, to follow the Dallas Court of Appeals' opinion in *Gonzalez*. American, seeing two potential claimants to the retirement account and its potential liability if it made a determination on its own as to which party was entitled to the benefit payments, did what it should have done in this scenario-it interpleaded the funds. Such action is sufficient to discharge its liability as to either claimant. Moreover, it is incumbent on the losing claimant, not the stakeholder, to protect the interpleaded funds by filing a supersedeas bond or otherwise attempting to stay the order or judgment directing payment or disbursement of the interpleaded funds to the competing claimant. Therefore, in order to protect the interpleaded funds, it was necessary for Jean to file a supersedeas bond or otherwise attempt to stay the payments of the benefits to Catherine. Jean's failure to take any action to protect the interpleaded funds does not entitle her to now subject Ameri-can to the same double liability it sought to avoid when it interpleaded the funds into the court.[5] This issue is overruled.

## A. Waiver

 Jean claims that although she joined American as an appellee in the first appeal and asserted her claim against American for all benefits remaining at the time of Robert's death, American waived any argument that it is not liable to Jean for payments already made to Catherine because it did not file a brief in the first appeal contesting her claim to the benefits as beneficiary. No issue as to American's liability had been raised in the trial court; thus, there was no issue concerning American's liability in the first appeal. Nor did Jean seek any relief from American in the first appeal and, consequently, cannot rely on its failure to file an appellate brief to support her waiver argument. The only issue raised in the first appeal concerned who, as between Catherine and Jean, was entitled to the benefits. American did not waive any arguments related to its status as interpleader and liability to Jean for payments made to Catherine. This issue is overruled.

## B. Law of the Case

 Jean claims our holding in *Heggy I* constitutes "law of the case," and she is,

5. Jean also relies on our decision in *North-shore Bank v. Commercial Credit Corp.*, 668 S.W.2d 787 (Tex.App.-Houston [14th Dist.] 1984, writ ref'd n.r.e.). In *Northshore Bank*, we addressed a similar situation except that after reversal the successful claimant, Commercial Credit, sought the previously interpleaded funds from another claimant, Northshore, which had withdrawn the funds from the registry of the court, not the interpleading party. Observing that the previous judgment had not been superseded pending appeal and the funds had been withdrawn from the registry of the court, we stated that when the judgment was reversed, "[Northshore] was holding the funds without authority and should have returned them into the registry of the court." *Id.* at 790. We further explained that when the judgment was reversed, the trial court could have ordered the withdrawn funds to be returned to the registry of the court. *Id.* The fact that the trial court had not done so did not deprive it, consistent with the exercise of its equity powers, of the authority to enter judgment that Commercial Credit recover the funds, still under the control of the court, from Northshore which was wrongfully withholding them. *Id.* We found "this result to be consistent with and called for by the unique procedure to be followed in interpleader practice." *Id.*

therefore, entitled to recover the retirement benefits. She contends arguments raised by American on remand are the same arguments presented in its motion for rehearing. Therefore, according to Jean, those arguments were considered by the court in its opinion on rehearing and cannot be raised again on remand.

The "law of the case" doctrine is the principle under which questions of law decided on appeal to a court of last resort govern a case throughout its subsequent stages. *Hudson v. Wakefield,* 711 S.W.2d 628, 630 (Tex.1986); *Grace v. Zimmerman,* 853 S.W.2d 92, 98 (Tex.App.-Houston [14th Dist.] 1993, no writ). Application of this doctrine is flexible and must be left to the discretion of the court and determined according to the circumstances of the case. *Harris County Children's Protective Servs. v. Olvera,* 77 S.W.3d 336, 343 (Tex.App.-Houston [14th Dist.] 2002, pet. denied); *City of Houston v. Precast Structures, Inc.,* 60 S.W.3d 331, 337 (Tex. App.-Houston [14th Dist.] 2001, pet. denied). The law of the case doctrine is intended to achieve uniformity of decision and judicial economy and efficiency and is aimed at ending litigation. *Hudson,* 711 S.W.2d at 630.

The doctrine of law of the case is not applicable here. Jean did not request any relief against American in the first appeal. Although we granted the rehearing and issued a new opinion, we did not address American's concerns raised in its motion regarding payments already made or disbursed to Catherine. This issue is overruled.

## C. Pleadings

Jean contends that because American did not plead (as an affirmative defense or matter of avoidance) that it was not liable to her for benefits paid to Catherine, its motion for summary judgment is not supported by the pleadings. A party relying on an affirmative defense must plead that defense. Tex.R. Civ. P. 94. An affirmative defense is a proposition that the defendant may interpose to defeat the plaintiff's prima facie case. *Cook Composites, Inc. v. Westlake Styrene Corp.,* 15 S.W.3d 124, 137 (Tex.App.-Houston [14th Dist.] 2000, pet. dism'd). An affirmative defense does not rebut the factual proposition of the plaintiffs' pleading, but instead, allows the defendant to introduce evidence to establish an independent reason why the plaintiff should not prevail. *Gorman v. Life Ins. Co. of N. Am.,* 811 S.W.2d 542, 546 (Tex.1991). An affirmative defense generally accepts the existence at one time or another of a prima facie case but asserts propositions which, if established, would defeat the plaintiff's claim. *Cook Composites, Inc.,* 15 S.W.3d at 137 (quoting *Cooper v. Scott Irr. Constr., Inc.,* 838 S.W.2d 743, 747 (Tex.App.-El Paso 1992, no writ)).

This action was originally initiated on December 21, 1995, when American filed its interpleader and unconditionally tendered the funds into the registry of the court. The purpose of interpleading funds is to relieve the interpleader of leaving itself open to liability if it were to determine on its own which of the competing complainants was entitled to the disputed funds. Therefore, in its role as an innocent stakeholder, American was not claiming any part of the funds and, with respect to these funds, was not in an adversarial position to Jean. Moreover, by filing an interpleader, American did not admit that at any point in time the existence of a prima facie case against it. Thus, it was not necessary for American to seek an independent reason why Jean should not prevail against it, i.e., assert its interpleader as an affirmative defense. This issue is overruled.

## D. *ERISA v. Texas Interpleader Law*

■ Jean contends her claim for plan benefits as beneficiary and American's liability fall within the parameters of ERISA. She argues American's reliance on state interpleader law is misplaced because this court previously determined ERISA, not state law, governs this case. In support of this assertion, Jean cites the discussion in *Heggy I* that ERISA rather than the Texas Family Code governs the substantive issues in this case.

By its express terms, ERISA "shall supercede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a) (1999). "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983).

■ State courts have concurrent jurisdiction with United States District Courts over actions to recover benefits or enforce rights under a plan. 29 U.S.C. § 1132(e)(1). ERISA preemption, however, precludes state law from varying substantive rights and obligations under ERISA. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 1557–58, 95 L.Ed.2d 39 (1987). Thus, while state courts must apply ERISA substantive law, they may apply their state's procedural rules. *Cf. Overcash v. Blue Cross & Blue Shield of N.C.*, 94 N.C.App. 602, 615, 381 S.E.2d 330, 339 (1989) (holding right to jury trial under state law neither "relates to" nor conflicts with any substantive provisions of ERISA). An interpleader action is a procedural device for an innocent stakeholder to avoid multiple liability. *See Petro Source Partners, Ltd.*, 905 S.W.2d at 375; *Cable Communications Network,*

*Inc.*, 838 S.W.2d at 950. When this case was on remand to the trial court, no rights with respect to the benefits under the plan were being determined; those rights had been determined in *Heggy I*. Instead, American's potential double liability and status as an innocent stakeholder—subject to Texas interpleader law—was the only issue for the trial court's determination. Therefore, as related to determining American's liability to Jean for benefit payments previously paid to Catherine under court order, Texas interpleader law does not "relate to" the benefit plan and is not subject to ERISA preemption. This issue is overruled.

## IV. JEAN'S AND AMERICAN'S CLAIMS FOR ATTORNEY FEES

Both Jean and American challenge the trial court's denial of summary judgment of their respective claims for attorney fees. Jean asserts that claims for attorney fees come under ERISA, and as the prevailing beneficiary, she should recover attorney fees and costs incurred in establishing entitlement to payment under the plan. American seeks attorney fees under both ERISA and Texas interpleader law.

■ With respect to attorney fees, ERISA provides: "In any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1); *Gorman v. Life Ins. Co. of N. Am.*, 811 S.W.2d 542, 548 (Tex. 1991) ("ERISA also authorizes state courts to award reasonable attorney's fees and costs to either party"). A litigant does not need to be the prevailing party in order to be eligible for an award of attorney fees under ERISA. *Gibbs v. Gibbs*, 210 F.3d 491, 503 (5th Cir.2000).[6]

---

**6.** The Fifth Circuit has adopted the following five factors to apply in determining whether a

An innocent stakeholder is entitled to recover its attorney fees from the deposited funds if it has a reasonable doubt with respect to which claimant is entitled to the fund. *United States v. Ray Thomas Gravel Co.*, 380 S.W.2d 576, 581 (Tex.1964); *Olmos*, 857 S.W.2d at 741; *Salazar v. San Benito Bank & Trust Co.*, 730 S.W.2d 21, 24 (Tex.App.-Corpus Christi 1987, no writ); *General Am. Life Ins. Co. v. Rodriguez*, 641 S.W.2d 264, 268–69 (Tex. App.-Houston [14th Dist.] 1982, no writ).[7] The innocent stakeholder must prove the reasonableness of the fees sought. *Foreman v. Graham*, 693 S.W.2d 774, 778 (Tex. App.-Fort Worth 1985, writ ref'd n.r.e.). The award of attorney fees is within the sound discretion of the trial court. *Olmos*, 857 S.W.2d at 741; *Daniels v. Pecan Valley Ranch, Inc.*, 831 S.W.2d 372, 384 (Tex. App.-San Antonio 1992, writ denied).

It is not necessary to decide whether ERISA preempts Texas interpleader law on the issue of attorney fees. We conclude that under the facts at hand, the trial court did not abuse its discretion in refusing to award Jean attorney fees under either ERISA or interpleader law.

Jean has not shown that American acted in bad faith in interpleading the retirement benefits. *See Todd v. AIG Life Ins. Co.*, 47 F.3d 1448, 1458 (5th Cir.1995) (listing factors for consideration in determining if party is entitled to attorney fees under ERISA, including degree of culpability or bad faith and whether award of fees would deter other persons from acting under similar circumstances); *Murphy v. Travelers Ins. Co.*, 534 F.2d 1155, 1164 (5th Cir.1976) (holding that any award of attorney fees against stakeholder is limited to cases where trial court specifically finds stakeholder's conduct with respect to interpleader action was improvident, vexatious, or improper); *Cable Communications Network, Inc.*, 838 S.W.2d at 950 (stating Texas courts have uniformly held insurer is not liable for attorney fees for interpleading insurance proceeds due to conflicting claims). Jean's issue on attorney fees is overruled.

We conclude that as an innocent stakeholder, American is entitled to recover attorney fees under Texas interpleader law and ERISA. *See Rhoades v. Casey*, 196 F.3d 592, 603 (5th Cir.1999) (affirming

---

party is entitled to an award of attorney fees under ERISA: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorney fees; (3) whether an award of attorney fees against the opposing party would deter other persons from acting under similar circumstances; (4) whether the parties requesting attorney fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' position. *Gibbs*, 210 F.3d at 504; *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255 (5th Cir.1980); *see also Texas Iron Workers' Pension Fund v. Trefger*, 651 S.W.2d 956, 958–59 (Tex.App.-Fort Worth 1983, no writ) (applying five *Bowen* factors to determination of attorney fees under ERISA). The Texas Supreme Court, however, while recognizing that ERISA authorizes state courts to award attorney fees, did

not address the Fifth Circuit's *Bowen* factors in determining whether a party is entitled to attorney fees. *Gorman*, 811 S.W.2d at 548.

7. We recognize there is authority that an unsuccessful claimant to the interpleaded fund should bear the burden of the innocent stakeholder's attorney fees in bringing the interpleader action. *See, e.g., Beneficial Std. Life Ins. Co. v. Trinity Nat'l Bank*, 763 S.W.2d 52, 56 (Tex.App.-Dallas 1988, writ denied); *Hillhaven, Inc. v. Care One, Inc.*, 620 S.W.2d 788, 793 (Tex.App.-Fort Worth 1981, writ ref'd n.r.e.). However, the weight of authority in Texas is the innocent stakeholder is entitled to have the fees paid out of the interpleaded funds; otherwise, the innocent stakeholder could be subject to a judgment-proof party who lost the interpleader action. *General Am. Life Ins. Co.*, 641 S.W.2d at 268.

award of attorney fees to ERISA plan that interpleaded funds); *Nickel v. Estate of Layman,* 122 F.3d 294, 301 (5th Cir.1997) (same); *Ray Thomas Gravel Co.,* 380 S.W.2d at 581 (stating that rule in Texas is innocent stakeholder is entitled to attorney fees). The trial court, therefore, abused its discretion in refusing to award American attorney fees. American's issue in its cross-appeal is sustained.

## V. JEAN'S CLAIM FOR PREJUDGMENT INTEREST

 Jean asserts she is entitled to prejudgment interest under ERISA. The trial court, in its discretion, may award prejudgment interest in an action under ERISA. *Gorman,* 811 S.W.2d at 550. If prejudgment interest is awarded, the interest rate to be applied is governed by Texas law. *Id.*

American does not dispute that a trial court has discretion to award prejudgment interest in ERISA cases; instead, American contends that prejudgment interest is not allowed in interpleader actions. *See Phillips Petroleum Co. v. Adams,* 513 F.2d 355, 369–70 (5th Cir.1975) (applying Texas interpleader law and stating interpleader is not responsible for prejudgment interest beyond time at which it tendered funds into court); *Monarch Tile Sales v. Frost Nat'l Bank,* 496 S.W.2d 254, 256 (Tex. App.-San Antonio 1973, no writ) (holding there is no statutory authority to support award of prejudgment interest on interpleaded funds).[8]

8. *See also Veale v. Rose,* 657 S.W.2d 834, 840 (Tex.App.-Corpus Christi 1983, no writ) (holding that where disputed funds were placed in hands of escrow agent and were not at defendant's disposal, equitable damages in form of prejudgment interest were disallowed); *Carter v. Barclay,* 476 S.W.2d 909, 918 (Tex.Civ. App.-Amarillo 1972, no writ) (holding that in view of valid tender of purchase price into

Jean, however, seeks prejudgment interest under ERISA on the funds American paid to Catherine, not the interpleaded funds. Nonetheless, because Jean cannot recover from American the funds paid to Catherine, she cannot recover prejudgment interest on those amounts.[9] This issue is overruled.

## VI. CONCLUSION

The trial court abused its discretion in failing to award attorney fees to American. Therefore, we reverse that portion of the judgment and remand that part of the case to the trial court for a determination of American's attorney fees. The remainder of the judgment is affirmed. The judgment of the trial court is, accordingly, affirmed, in part, and reversed and remanded, in part.

registry of court, no interest would be allowed on amount tendered).

9. Jean similarly seeks postjudgment interest for retirement benefits sought in this appeal. Because Jean cannot from American the payments made to Catherine, she is not entitled to postjudgment interest.