Affirmed and Memorandum Opinion filed January 5, 2006









Affirmed
and Memorandum Opinion filed January 5, 2006.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-01111-CV

____________

 

MARY LINDA McCALL, Appellant

 

V.

 

AXA EQUITABLE LIFE
INSURANCE COMPANY, Appellee

 



 

On Appeal from the Probate
Court No. 1

Harris County, Texas

Trial Court Cause No. 332,026-401

 



 

M E M O R A N D U M   O P I N I O N

Mary Linda McCall, appellant, appeals the
trial court=s order permitting the interpleader of AXA
Equitable Life Insurance Company (Equitable) of the proceeds of an insurance
policy in the amount of approximately $250,000. 
In five issues, McCall argues the trial court abused its discretion in
granting the interpleader petition and in awarding attorney=s fees to
Equitable.  In a single cross-issue,
Equitable argues the trial court erroneously limited the award of appellate
attorney fees.  We affirm.

 








Background

On October 16, 1990, Leslie Williams, the
deceased, and McCall were divorced. 
Williams agreed to pay contractual alimony and secured the alimony with
a $250,000 life insurance policy issued by Equitable with McCall as the
beneficiary.  On April 8, 1994, Equitable
converted the original life insurance policy into Policy 385.  Policy 385 was for $250,000 and listed McCall
as the beneficiary.  After Policy 385 was
issued, Williams married Anna Harris. 
After marrying Harris, Williams wrote to an Equitable agent requesting
that the beneficiary of Policy 385 be changed to limit McCall=s portion of the
policy proceeds to the amount of alimony owed, with the balance of the proceeds
to Harris.  The Equitable agent sent a
beneficiary change form to Williams, which Williams failed to return.  Williams and Harris were divorced in
November, 2001.  Incident to the divorce,
Williams agreed that the insurance proceeds would be used to pay any
outstanding taxes on his death.

On June 25, 2002, Williams passed
away.  Both McCall and Harris claimed the
proceeds of Policy 385.  On September 19,
2002, Equitable filed an interpleader action in the probate court requesting
the court to determine the competing claims. 
On January 7, 2003, the trial court signed an interlocutory order
permitting the interpleader.  On October
7, 2004, the court signed a final order in which it permitted Equitable to
deposit the proceeds of the policy into the registry of the court and awarded
Equitable attorney=s fees of $4207.14 and an additional $2000
for any appeal of the action.  

Interpleader








In her first three issues, McCall argues
Equitable is not entitled to interpleader status because the evidence was
legally and factually insufficient to show Equitable was subjected to rival and
conflicting bona fide legal claims to the proceeds of Policy 385.  Under Rule 43 of the Texas Rules of Civil
Procedure, a party who receives multiple claims to funds in its possession may
join all claimants in one lawsuit and tender the disputed funds into the
registry of the court.  Heggy v.
American Trading Employee Retirement Acct. Plan, 123 S.W.3d 770, 775 (Tex.
App.CHouston [14th
Dist.] 2003, pet. denied).  A party is
entitled to interpleader relief if (1) it is either subject to, or has
reasonable ground to anticipate, rival claims to the same funds; (2) it has not
unreasonably delayed filing its action for interpleader, and (3) it has
unconditionally tendered the funds into the registry of the court.  Olmos v. Pecan Grove Mun. Util. Dist.,
857 S.W.2d 734, 741 (Tex. App.CHouston [14th
Dist.] 1993, no writ).  Failure to
satisfy any of those elements will defeat a petitioner=s standing as an
innocent stakeholder and preclude interpleader relief.  Heggy, 123 S.W.3d at 775.

Standard of Review

We review the grant of an interpleader for
an abuse of discretion.  Bryant v.
United Shortline Inc. Assur. Services, N.A., 984 S.W.2d 292, 296 (Tex. App.CFort Worth 1998,
no pet.).  Under the abuse of discretion
standard, a challenge to the legal and factual sufficiency of the evidence is
not an independent ground of error, but is merely a factor in assessing whether
the trial court abused its discretion.  See
Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991).  In addressing these overlapping standards of
review, we first determine whether the trial court had sufficient information
to exercise its discretion, then we determine whether the court abused its
discretion.  See Chavez v. Chavez,
148 S.W.3d 449, 456 (Tex. App.CEl Paso 2004, no
pet.).

Rival Claims

McCall challenges the trial court=s ruling on the
first element of an interpleader action, i.e., whether the party seeking
relief is subject to, or has reasonable grounds to anticipate, rival claims to
the same funds.  The trial court had
sufficient evidence to consider whether Equitable was subject to competing
claims.  McCall, as the named beneficiary
on the policy, claimed all the proceeds. 
Harris, however, produced evidence that Williams intended to limit
McCall=s benefits to
unpaid alimony, and designate Harris as the beneficiary of the remainder of the
proceeds.  There is no question that
Equitable was faced with competing claims.








McCall argues that although Equitable is
faced with competing claims, Harris=s claim is not a
bona fide claim under the policy.  As
authority for this proposition, McCall cites section 1103.102(b) of the
Insurance Code, which provides:

A company that issues a life
insurance policy is not required to pay the proceeds of the policy to a
designated beneficiary under Subsection (a) if the company receives notice of
an adverse claim to the proceeds from a person who has a bona fide legal claim
to all or part of the proceeds.

 

Tex. Ins. Code Ann. ' 1103.102(b)
(Vernon Pamph. 2004).  Section
1103.102(b) does not conflict with Rule 43, which permits interpleader.  The insurance code provides that an insurance
company is not required to pay a policy if it receives notice of a bona fide
adverse claim. The cited section has nothing to do with determining whether
Harris= claim was a bona
fide one.  Consequently, Tthis rule does
not affect the insurance company=s right to
interpleader.  

Equitable was entitled to maintain an
interpleader action if it had a reasonable doubt as to which claim it should
pay, and for that reason it in good faith declined to pay the policy, but
admitted liability and deposited the funds into the registry of the court.  See Great American Reserve Ins. Co. v.
Sanders, 525 S.W.2d 956, 958 (Tex. 1975). 
To require Equitable to sort through the facts and determine whether
Harris=s claim to the
proceeds is a bona fide claim would defeat the purpose of interpleader.  See id. at 959. (AAn insurance
company should not be compelled to act as judge and jury.@).  Because Equitable is faced with rival claims
and has a reasonable doubt as to which claim it should pay, it is entitled to
an interpleader action.  McCall=s first three
issues are overruled.

Attorney=s Fees








In her fourth issue, McCall contends the
trial court abused its discretion in awarding Equitable recovery of attorney=s fees and
expenses because Equitable failed to prove it was an innocent stakeholder
entitled to interpleader relief.  In her
fifth issue, McCall contends the trial court abused its discretion in failing
to condition the award of Equitable=s attorney=s fees on a
successful appeal.  In a cross-issue,
Equitable contends the trial court erroneously limited the award of attorney=s fees.  

Standard of Review

An innocent stakeholder is entitled to
recover its attorney fees from the deposited funds if it has a reasonable doubt
either of fact or law as to which claimant is entitled to the funds.  United States v. Ray Thomas Gravel Co.,
Inc., 380 S.W.2d 576, 581 (Tex. 1964). 
The award of attorney=s fees is within
the trial court=s sound discretion.  Olmos, 857 S.W.2d at 741.

McCall=s Issues

In disposing of issues one through three,
we determined the trial court did not abuse its discretion in finding that
Equitable is an innocent stakeholder entitled to interpleader relief.  Equitable asks only that it be released and
discharged from any liability on account of the proceeds, that it recover its
attorney=s fees for
bringing the interpleader, and that it be paid his fees and costs out of the
proceeds.  Therefore, Equitable is an
innocent stakeholder and is entitled to recover its attorneys fees from the
deposited funds.  The learned trial court
did not abuse its discretion in awarding attorney=s fees.  See Olmos, 857 S.W.2d at 741.  Equitable=s fourth issue is
overruled.

In her fifth issue, McCall contends the
trial court erred in awarding unconditional attorney=s fees on
appeal.  McCall failed to preserve this
issue for appeal.  To preserve an issue for appeal, a
party must have presented to the trial court a timely request, objection or
motion specifically stating the grounds for the desired ruling.  Tex.
R. App. P. 33.1(a)(1). Because McCall did not raise this complaint
during trial or in a post‑judgment motion, she has not preserved the
issue for review.  See In re A.A.F.,
120 S.W.3d 517, 519 (Tex. App.CDallas 2003, no
pet.) (complaint about attorney=s fees waived for
failure to object or file a post-judgment motion).  McCall=s fifth issue is overruled.

 








Equitable=s Cross-Issue

In its cross-issue, Equitable argues the
trial court erred in limiting the award of appellate attorney=s fees to
$2000.  Following the trial court=s initial award of
attorney=s fees, Equitable
filed a motion for additional attorney=s fees in the
event of an appeal.  Attached to that
motion, Equitable=s attorney filed an affidavit in which he
stated in his opinion a reasonable attorney=s fee for an
appeal to the Court of Appeals would be $5500, plus $2250 in the event of a
request for review to the Texas Supreme Court and $3500 if the supreme court
grants review.  The trial judge awarded
Equitable $2000 Afor attorney=s fees for any
appeal of this cause of action.@  Equitable contends the trial court abused its
discretion in reducing its attorney=s request for
appellate fees totaling $11,250 to $2000.








Equitable contends that because no party
objected to its attorney=s affidavit or suggested that attendant
circumstances contradicted or cast suspicion on it that the trial court abused
its discretion in failing to award appellate attorney=s fees of
$11,250.  Generally, the testimony of an interested witness,
such as a party to the suit, though not contradicted, does no more than raise a
fact issue to be determined by the juryfact finder.  Ragsdale v. Progressive Voter=s League, 801 S.W.2d 880, 882 (Tex.
1990).  Where the testimony of an
interested witness, however, is not contradicted by any other witness, or
attendant circumstances, and the same is clear, direct and positive, and free
from contradiction, inaccuracies, and circumstances tending to cast suspicion
thereon, it is taken as true, as a matter of law.  Id. 
This exception to the general rule regarding interested witness
testimony, however, does not mean in every case in which a party offers
uncontradicted testimony, such testimony mandates an award of the claimed
amount.  Welch v. Hrabar, 110
S.W.3d 601, 610 (Tex. App.CHouston [14th Dist.] 2003, pet. denied).  Even though the evidence might be
uncontradicted, if the trier of fact determines its belief is questionable,
then such evidence would only raise a fact issue to be determined by the trier
of fact.  Id.  Trial judges can draw on their common
knowledge and experience as lawyers and as judges in considering the testimony,
the record, and the amount in controversy in determining attorney=s fees.  Leggett v. Brinson, 817 S.W.2d 154,
157 (Tex. App.CEl Paso 1991, no writ); see also
Bocquet v. Herring, 972 S.W.2d 19, 22 (Tex. 1998) (dissenting
opinion).  

In this case, Equitable=s attorney filed an affidavit requesting
$13,500 in attorney=s fees for his representation of Equitable in the trial
court.  A hearing was held, and Equitable=s attorney was vigorously
cross-examined about the number of hours he worked on the case.  After that hearing, the trial court awarded
Equitable $4207.14 in attorney=s fees.  Equitable=s attorney then filed a request for
more than $11,000 in appellate attorney=s fees.  Although a full hearing was not held, the
trial court was entitled to consider the previous hearing, and draw on its
common knowledge in awarding appellate fees. 
The trial court as the trier of fact was within its discretion in
similarly reducing the appellate fees. 
Although Equitable=s attorney=s affidavit was uncontroverted, the trial court had
sufficient evidence to exercise its discretion in reducing the amount of
appellate attorney=s fees.  We conclude
the trial court did not abuse its discretion in awarding $2000 for appellate
attorney=s fees.  Equitable=s cross-issue is overruled.

The judgment of the trial court is affirmed.

 

 

 

 

 

/s/        John S. Anderson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed January 5, 2006.

Panel consists of
Chief Justice Hedges and Justices Yates and Anderson.