**Reversed and Rendered in Part, Reversed and Remanded in Part, and Memorandum Opinion filed September 19, 2013.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## NO. 14-12-00783-CV

### H & S CRANE SALES, INC., Appellant

### V.

### BRIAN P. MIN, FEDERAL OFFSHORE, INC., AND MIN TRANSCONTINENTAL, INC., Appellees

**On Appeal from the 212th District Court
Galveston County, Texas
Trial Court Cause No. 10-CV-1864**

## M E M O R A N D U M   O P I N I O N

This appeal arises from a breach-of-contract claim brought by appellant H & S Crane Sales, Inc. ("H & S") against appellees Brian P. Min, Federal Offshore, Inc., and Min Transcontinental, Inc. (collectively, "Min") in connection with the lease of a crane. H & S prevailed in a bench trial on its claim for contract damages against Min. The trial court signed a judgment in favor of H & S and against Min awarding damages to H & S for multiple breaches of the crane lease agreement.

H & S appeals from the trial court's judgment in H & S's favor because that judgment further orders Min to (1) pay a portion of H & S's damage award to the Hodge Law Firm, which represented H & S at trial; and (2) pay another portion of H & S's damage award to the Galveston County District Court for the benefit of H & S and Charles Kaufman, an attorney who represented H & S earlier in the case. H & S contends that the trial court erred in so doing because the Hodge Law Firm and Charles Kaufman were not parties to the lawsuit between H & S and Min. According to Min's brief on appeal, "Appellant's argument on appeal deals with payment and/or attorneys' fees lien by his former attorneys the Hodge Law firm and Charles Kaufman, entities that are not named parties to the original case."

We reverse and render judgment in part in favor of H & S, and we reverse and remand in part for further proceedings consistent with this opinion.

## BACKGROUND

Before the trial court signed its judgment, H & S and Min entered into a high-low settlement agreement providing that Min would pay damages to H & S of no less than $525,000 and no more than $595,000 consistent with the trial court's judgment. The trial court signed a judgment in favor of H & S in the amount of $595,000.

The trial court signed its original judgment, titled "Final Judgment," on March 30, 2012. In relevant part, the judgment provided:

> THIS HONORABLE COURT is further aware that the attorneys representing [H & S], both past [Kaufman] and present [Hodge Law Firm], are in a dispute over attorney fees; therefore, in order to resolve this issue without the involvement of [Min], it is order [sic] to have the disputed funds deposited into the court registry. The funds are to be made payable to Galveston County District Clerk in the amount of $119,000 for the benefit of Charles Kaufman and [H & S] into an interest bearing account.

2

On April 11, 2012, Min filed a "Motion to Modify the Judgment under Texas Rule of Civil Procedure 329b." That motion provided in part:

B. <u>Facts</u>

6. The court signed a judgment on March 30, 2012 effectuating the terms and conditions set out in the Settlement Agreement.

7. Additionally, the court was put on notice through the Final Order[1] that the attorneys representing [H & S], both past and present, were in a dispute over attorney fees; therefore, in order to resolve this issue without the involvement of [Min], it was ordered to have the disputed funds deposited into the court registry. The funds were to be made payable to 'Jason Murray, District Clerk, pending further orders' in the amount of $119,000 for the benefit of Charles Kaufman and H & S Crane Sales, Inc. into an interest bearing account.

8. However, now [H & S] has fired his other attorneys and is attempting to revoke the Final Order.

*   *   *

C. <u>Argument & Authorities</u>

10. The court should modify the judgment because it is incorrect. Under Texas Rule of Civil Procedure 329b, the court has the power to modify the judgment as long as it retains plenary power over the judgment. The court retains plenary power in this case until April 29, 2012.

11. The judgment is incorrect because [Min] not [sic] seek the right to have all settlement funds, $595,000, placed into the court registry. Due to issues ancillary to [Min,] attorneys representing [H & S], both past and present, are in a dispute over attorney fees and settlement funds; therefore, in order to resolve the issue without the involvement

---

[1] The record on appeal does not contain a document titled "Final Order."

of [Min], it is ordered to have the disputed funds deposited into the court registry. The funds are to be made payable to 'Jason Murray, District Clerk, pending further orders' in the amount of $595,000 for the benefit of Charles Kaufman, the Hodge Law Firm and H & S Crane Sales, Inc. into an interest bearing account.

D.  Prayer

12.  For these reasons, the court should grant this motion and enter a corrected judgment that all settlement funds, $595,000, should be placed into the court registry, due to issues ancillary to [Min].

(citation omitted).

The trial court signed an amended "Final Judgment" on April 19, 2012. This judgment included a paragraph tracking the one quoted above from the March 30 judgment, except that it ordered Min to deposit $119,000 in the registry "for the benefit of Charles Kaufman and Hodge Law Firm." On April 25, 2012, Min filed a second "Motion to Modify the Judgment under Texas Rule of Civil Procedure 329b," repeating the language quoted above from their first motion. The final amended judgment was signed on May 29, 2012.

On appeal, H & S challenges the following provision included in the May 29, 2012 final judgment:

THIS HONORABLE COURT is further aware that the attorneys representing [H & S], both past and present, are in a dispute over attorney fees; therefore, in order to resolve this issue without the involvement of [Min], it is ordered to have the disputed funds disbursed as follows:

1.  One check payable to Hodge Law Firm in the amount of $241,119.13.

2.  A check payable to Galveston County District Clerk in the amount of $119,000 for the benefit of H & S Crane Sales, Inc. and Charles Kaufman into an interest-bearing account; and

4

3. A check payable to H & S Crane Sales, Inc. in the amount of $234,880.87.

Also on May 29, 2012, H & S filed a motion for new trial. H & S's motion for new trial was overruled by operation of law. *See* Tex. R. Civ. P. 329b(c). This appeal followed.

The docket sheet reflects that Charles R. Kaufman filed a motion to withdraw funds from the registry of the court on June 1, 2012, and that the trial court signed an "Order to Release Funds" on June 25, 2012. These documents do not appear in the record on appeal.

In three issues, H & S argues on appeal that the trial court improperly signed a judgment awarding sums to the Hodge Law Firm and Charles Kaufman when neither is party to the law suit. In response, Min argues that H & S waived the alleged error.

## ANALYSIS

This dispute centers on the trial court's May 29, 2012 judgment, which awarded $241,119.13 to the Hodge Law Firm and directed the deposit of $119,000 "for the benefit of H & S Crane Sales, Inc. and Charles Kaufman into an interest-bearing account."

This court has recognized that "judgment may not be granted in favor of a party not named in the suit as a plaintiff or a defendant." *Tex. Pac. Indem. Co. v. Atl. Richfield Co.*, 846 S.W.2d 580, 584 (Tex. App.—Houston [14th Dist.] 1993, writ denied) (citing *Mapco, Inc. v. Carter*, 817 S.W.2d 686, 687 (Tex. 1991) (per curiam)), and *Fuqua v. Taylor*, 683 S.W.2d 735, 738 (Tex. App.—Dallas 1984, writ ref'd n.r.e.)). "Being fundamental error, the issue may be raised at any time." *Tex. Pac. Indem. Co.*, 846 S.W.2d at 584 (citing *Mapco, Inc.*, 817 S.W.2d at 687).

5

A plea in intervention is an appropriate vehicle by which a discharged attorney may recover fees for services rendered. *Law Offices of Windle Turley, P.C. v. Ghiasinejad*, 109 S.W.3d 68, 71 (Tex. App.—Fort Worth 2003, no pet.) (citing *Serna v. Webster*, 908 S.W.2d 487, 491 (Tex. App.—San Antonio 1995, no writ)). An interpleader also is available to a plaintiff or defendant who may be exposed to multiple liability by the competing claims of an opposing party's attorneys. *See Serna*, 908 S.W.2d at 491.

It is undisputed that the Hodge Law Firm and Charles Kaufman were not parties to the underlying suit and were not named as parties. *Cf. Zanchi v. Lane*, No. 11-0826, 2013 WL 4609113, at *3 (Tex. Aug. 30, 2013) (construing "party" in Tex. Civ. Prac. & Rem. Code § 74.351(a) to mean "one named in a lawsuit"). No plea in intervention was filed. The record contains no pleading designated as an interpleader.

We conclude that the Rule 329b motions to modify did not operate as a substitute for an interpleader procedure. *See* Tex. R. Civ. P. 43. Under Rule 43, a party who receives multiple claims to funds in its possession may join all claimants in one lawsuit and tender the disputed funds into the registry of the court. *Id*.; *Heggy v. Am. Trading Emp. Ret. Account Plan*, 123 S.W.3d 770, 775 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). A party faced with competing claims obtains a discharge of liability to the competing claimants by interpleading the funds. *Heggy*, 123 S.W.3d at 775. A party is entitled to interpleader relief if it (1) is subject to or has reasonable grounds to anticipate rival claims to the same funds; (2) has not unreasonably delayed filing its action for interpleader; and (3) has unconditionally tendered the fund into the registry of the court. *Id.* Failure to satisfy any of these elements will defeat a petitioner's standing as an innocent stakeholder and will preclude interpleader relief. *Id.* A motion to modify a

6

judgment under Rule 329b, which does not seek to join competing claimants as parties to the litigation, is not effective as an attempted interpleader under Rule 43.

It follows that the trial court could not order payment in favor of the Hodge Law Firm and Charles Kaufman. *See Tex. Pac. Indem. Co.*, 846 S.W.2d at 584. Having determined that the trial court impermissibly signed a judgment in favor of entities that were not before it, we need not address the other arguments raised by H & S.

## CONCLUSION

We reverse the judgment of the trial court insofar as it awards fees to the Hodge Law Firm and Charles Kaufman. We render judgment awarding the entire sum of $595,000 to H & S. We remand for further proceedings consistent with this opinion, including but not limited to proceedings to address the status of any funds withdrawn from the court's registry.


/s/    William J. Boyce
Justice


Panel consists of Justices Boyce, Jamison, and Busby.

7