**Motion Granted; Dismissed and Memorandum Opinion filed September 3, 2020.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-20-00192-CV

_____

## ELAINE T. MARSHALL, INDIVIDUALLY, ELAINE T. MARSHALL AS INDEPENDENT EXECUTOR OF THE ESTATE OF E. PIERCE MARSHALL, DECEASED, ET AL, Appellant

## V.

## PRESTON MARSHALL, Appellee

**On Appeal from the Probate Court No 4**
**Harris County, Texas**
**Trial Court Cause No. 365,053-403**

## MEMORANDUM OPINION

On August 5, 2020, appellee filed a motion to dismiss contending that the orders being appealed are interlocutory orders not subject to appeal. In response, appellant argues she is authorized to appeal pursuant to section 51.014(a)(4) of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. Rem. Code § 51.014 (a)(4) (authorizing the appeal of an order granting or refusing to grant a temporary

injunction). We agree with appellant and dismiss this appeal for want of jurisdiction.

The orders being appealed relate to the probate court's approval of appellee's interpleader action. Appellant argues that because the orders deny her request to have appellee deposit funds into the registry of the court, they are injunctive in nature. A party is entitled to interpleader relief if three elements are met: (1) it is either subject to, or has reasonable grounds to anticipate, rival claims to the same funds; (2) it has not unreasonable delayed filing its action for interpleader; and (3) it has unconditionally tendered the funds into the registry of the court. *Heggy v. Am. Trading Employee Ret. Account Plan*, 123 S.W.3d 770, 775 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). By its nature, interpleader relief requires a party to tender funds into the deposit of a court, even if such tender is an unconditional offer and dedication of readiness to do so in the party's pleadings. *See id.* (stating, "only an unconditional tender, not a deposit, is required"). Consequently, if we were to accept appellant's argument, all orders granting or denying interpleader relief would be in the nature of injunctive relief and subject to interlocutory appeal. We decline to expand our appellate jurisdiction to orders granting or denying interpleader relief.

Accordingly, we grant appellee's motion to dismiss and order this appeal dismissed for want of jurisdiction.

PER CURIAM

Panel Consists of Justices Wise, Jewell, and Poissant.