Ivo NABELEK, Appellant,

v.

**DISTRICT ATTORNEY OF HARRIS COUNTY, Texas, Appellee.**

No. 14–03–00965–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 8, 2005.

Dissenting Opinion on Rehearing Nov. 30, 2006.

Ivo Nabelek, pro se.

Scott A. Durfee, Dist. Atty's Office, Houston, for District Attorney of Harris County.

Michelle Traher, for Charles Bacarisse.

Panel consists of Justices ANDERSON, HUDSON, and FROST.

## MAJORITY OPINION

JOHN S. ANDERSON, Justice.

Appellant, Ivo Nabelek, appeals the dismissal of his suit against appellee, the District Attorney of Harris County, Texas.

In his suit, Nabelek, an inmate at a state correctional facility proceeding pro se and in forma pauperis, sought declaratory and injunctive relief to determine the validity and constitutionality of section 552.028 of the Texas Open Records Act. TEX. GOV'T CODE ANN. § 552.028 (Vernon 2004). The trial court dismissed Nabelek's suit as frivolous pursuant to Texas Civil Practice and Remedies Code section 14.003(a)(2). TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(a)(2) (Vernon 2002). Nabelek raises five issues on appeal. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

On June 14, 1995, Nabelek sent a letter to the District Attorney of Harris County (the "DAHC") requesting copies "of the entire records and all exhibits including the complete transcripts and everything pertaining to the trial of *Texas State [sic] v. Ivo Nabelek,* Case No. 657516 and case No. 657528"[1] pursuant to the Texas Open Records Act.[2] On June 28, 1995, the DAHC responded to Nabelek's letter, denying Nabelek's request, citing section 552.027 of the Texas Government Code. *See* Act effective June 5, 1995, 74th Leg., R.S., ch. 302, § 1, 1995 Tex. Gen. Laws 2670, 2670 (amended 2003) (current version at TEX. GOV'T CODE ANN. § 552.028 (Vernon 2004)). The version of section 552.027 in effect at that time granted governmental bodies such as the DAHC the discretion whether to comply with a request for information from an incarcerated individual. Section 552.027 provided as follows:

1. In 1993 and 1994, Nabelek pled guilty to the offenses of aggravated sexual assault of a child and possession of child pornography (trial court cause numbers 657516 and 657518). He currently is serving his sentence for these offenses.

2. The specific provisions of the Texas Open Records Act are currently found in sections 552.001 through 552.353 of Texas Government Code. *See* TEX. GOV'T CODE ANN. §§ 552.001–552.353 (Vernon 2004).

Sec. 552.027. REQUEST FOR IN-
FORMATION FROM INCARCER-
ATED INDIVIDUAL

(a) A governmental body is not required to accept or comply with a request for information from an individual who is imprisoned or confined in a correctional facility.

(b) Subsection (a) does not prohibit a governmental body from disclosing to an individual described by that subsection information held by the governmental body pertaining to that individual.

(c) In this section, "correctional facility" has the meaning assigned by Section 1.07(a), Penal Code.

*Id.*

In 1996 and 2000, Nabelek sent correspondence to the DAHC specifically inquiring about the whereabouts of certain personal property seized from him by the Houston Police Department when he was arrested in 1993. Nabelek's 1996 and 2000 correspondence did not reference the Texas Open Records Act. The DAHC responded to Nabelek's correspondence, informing Nabelek that it did not have any items in its possession that did not relate to the prosecution of his cases and it had no knowledge of the whereabouts of his personal property. Unlike its response to the 1995 request for information, the DAHC did not deny Nabelek's 1996 and 2000 inquiries about the whereabouts of his personal property pursuant to section 552.027 or 552.028.[3]

In July 2001, Nabelek filed this suit against the DAHC seeking declaratory and injunctive relief to determine the constitutionality of section 552.028 as applied to the DAHC's denial of his access to information. In his petition, Nabelek alleged the DAHC wrongfully denied him access to information in its possession under the Texas Open Records Act. Nabelek argued he was acting as his own attorney when he requested the information from the DAHC and his status as a pro se litigant entitled him to the information he sought.[4]

The DAHC filed a motion for summary judgment and a motion to dismiss Nabelek's suit as frivolous under Chapter 14 of the Texas Civil Practice and Remedies Code based on the following two grounds: (1) Nabelek failed to file an affidavit or unsworn declaration as required by Texas Civil Practice and Remedies Code section

---

**3.** In 1997, Texas Government Code section 552.027 was renumbered as section 552.028. Act effective September 1, 1997, 75th Leg., R.S., ch. 165, § 31.01(44), 1997 Tex. Gen. Laws 327, 710 (amended 2003). In 1999, subsection (a) of section 552.028 was amended as follows:

(a) A governmental body is not required to accept or comply with a request for information from:

(1) an individual who is imprisoned or confined in a correctional facility; or

(2) an agent of that individual, *other than that individual's attorney when the attorney is requesting information that is subject to disclosure under this chapter.*

Act effective May 21, 1999, 76th Leg., R.S., ch. 154, § 1, 1999 Tex. Gen. Laws 623, 623 (amended 2003) (emphasis added).

**4.** In his petition, Nabelek summarized his complaint as follows:

[Nabelek] complains [section 552.028], as applied to his cause and its circumstances, by [DAHC], when relying on said article to deny [Nabelek] access to public information *under Open Records Act (ORA),* is unconstitutionally depriving [Nabelek] of his rights under the: First, Fifth, Sixth and Fourteenth Amendments of the U.S. Constitution; the Due Process, Equal Protection and Equal Opportunities Clauses of the Texas and/or U.S. Constitution(s); and of other state or federal rights as may be relied [sic] by regulations or statutes or constitutional clauses other than the above-cited.

14.004, requiring dismissal of his claims; and (2) Nabelek's claims against the DAHC are frivolous because there is no arguable basis in law to support his claims. Nabelek filed a response to the DAHC's motions and a cross-motion for summary judgment.

An "order setting hearings," dated August 29, 2002, notified the parties the pending motions, including the DAHC's motions and eight of Nabelek's motions, were set for a hearing on September 13, 2002, and, pursuant to its order, the trial court held a telephonic hearing on September 13, 2002. On October 18, 2002, the trial court dismissed Nabelek's claims as frivolous as follows:

### ORDER DISMISSING CASE

On September 13, 2002 the Court heard [the DAHC]'s Motion to Dismiss Frivolous Action and Motion for Summary Judgment. At the hearing the Court heard and considered the pleadings and arguments of [Nabelek] (who participated in the hearing without counsel) and counsel for [the DAHC]. The Court's file indicates that through the date of this Order [Nabelek] has never been represented by an attorney of record in this case. [Nabelek] stated at the commencement of the hearing that he did not have counsel representing him in the case or in connection with the hearing, and that he was ready to proceed with the hearing without counsel. The Court orders as follows in connection with the Motions.

It is Ordered that the claims of [Nabelek] in this case are dismissed under Sec[t]ion 14.003(a)(2) of the Texas Civil Practice and Remedies Code as frivolous claims.

On appeal, Nabelek raises five issues, arguing the trial court erred in: (1) not having a stenographic or other recording made of the September 13, 2002 telephonic hearing; (2) not ruling on Nabelek's pending motions; (3) dismissing Nabelek's claims as frivolous under Texas Civil Practice and Remedies Code section 14.003(a)(2) for non-compliance with Texas Civil Practice and Remedies Code section 14.004; (4) not specifying whether the dismissal of Nabelek's claims was with or without prejudice; and (5) dismissing Nabelek's claims as frivolous under Texas Civil Practice and Remedies Code section 14.003(a)(2) for lack of arguable basis in law.

### DISCUSSION

**I. The Trial Court's Dismissal of Nabelek's Suit Under Section 14.003(a)(2)**

In issues three and five, Nabelek argues the trial court erred in dismissing his claims as frivolous under section 14.003(a)(2) of the Texas Civil Practice and Remedies Code.

**A. Section 14.003(a)(2)**

The dismissal of lawsuits brought by inmates who file affidavits of inability to pay is governed by chapter 14 of the Texas Civil Practice and Remedies Code, entitled "Inmate Litigation." *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 14.001–14.014 (Vernon 2002). Section 14.003(a)(2) specifically allows a trial court to dismiss an inmate's claim as frivolous, before or after service of process, if it finds "(1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts." *Id.* at § 14.003(a)(2), (b). The trial court may hold a hearing when dismissing a case under section 14.003(a), and a hearing may be held before or after service of

process. *Id.* at § 14.003(c); *see also id. at* § 14.008 (discussing manners by which trial court may hold a hearing under Chapter 14).

A trial court has broad discretion to dismiss an inmate's suit as frivolous. *See Retzlaff v. Texas Dept. of Criminal Justice,* 94 S.W.3d 650, 654 (Tex.App.-Houston [14th Dist.] 2002, pet. denied). Trial courts are given broad discretion under section 14.003 because: "(1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an *in forma pauperis* suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrues to the benefit of state officials, courts, and meritorious claimants." *Id.* at 653.

Our review of whether a claim is legally cognizable is de novo. *Id.* For a claim to have no arguable basis in law, it must be based on "an indisputably meritless legal theory," or be based on wholly incredible or irrational factual allegations. *Gill v. Boyd Distrib. Ctr.,* 64 S.W.3d 601, 603 (Tex.App.-Texarkana 2001, pet. denied) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), and citing *Denton v. Hernandez,* 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992)). An inmate's cause of action may not be dismissed merely because the court considers the allegations "unlikely." *Id.* at 603–04 (quoting *Denton,* 504 U.S. at 33, 112 S.Ct. 1728).

**B. Dismissal of Nabelek's Claims Under Section 14.003(a)(2)**

In its motion to dismiss and motion for summary judgment, the DAHC asserted two grounds for dismissal of Nabelek's claims. First, the DAHC argued Nabelek failed to comply with section 14.004 by not filing a declaration or affidavit identifying previous litigation. Second, the DAHC argued Nabelek's suit was frivolous and had no arguable basis in law for three reasons: (1) limitations barred Nabelek's claims; (2) Nabelek's interpretation of section 522.028(a)'s attorney exception had no arguable basis in law; and (3) no arguable constitutional claim was stated. After holding a telephonic hearing, the trial court dismissed Nabelek's claims under section 14.003(a)(2) as frivolous.[5]

Nabelek argues that as a pro se litigant, he is his own attorney of record. As such, Nabelek contends that when he requested information from the DAHC, the DAHC was required to comply with his requests for information under Texas Government Code section 552.028(a)(2), which currently provides as follows:

> A governmental body is not required to accept or comply with a request for information from:
>
> (1) an individual who is imprisoned or confined in a correctional facility; or
>
> (2) an agent of that individual, *other than that individual's attorney when the attorney is requesting information that is subject to disclosure under this chapter.*

*See* TEX. GOV'T CODE ANN. § 552.028(a) (Vernon 2004) (emphasis added). Subsection (a)(2) did not go into effect until 1999.

The DAHC sought dismissal of Nabelek's suit based on the statute of limitations, arguing Nabelek's suit was barred by the four-year residual statute of limitations. TEX. CIV. PRAC. & REM.CODE ANN. § 16.051 (Vernon 1997) ("Every action for which there is no express limitations period ... must be brought not later than four years after the day the cause of action

---

5. No record was made of the hearing. Nabelek complains on appeal of the lack of a stenographic record of the hearing. We address this issue in part II of this opinion.

accrues."). We agree with the DAHC that because there is no specific deadline for filing a suit challenging the denial of rights under the Texas Open Records Act under chapter 552 of the government code, the four-year residual statute of limitations applies.

The DAHC's denial of Nabelek's request for information under section 552.027 of the Texas Open Records Act occurred *six years* prior to Nabelek filing suit against the DAHC. Nabelek filed suit against the DAHC on July 27, 2001. The only request Nabelek made to the DAHC for information pursuant the Texas Open Records Act was on June 14, 1995, and the DAHC denied this request for information pursuant to its discretion to do so under section 552.027 on June 28, 1995.[6] Nabelek's suit was commenced well beyond the four-year statute of limitations period and is time-barred.

██ Nabelek argues he filed suit within the relevant limitations period based on his March 2000 correspondence to the DAHC seeking information relating to his criminal cases. We disagree. Copies of Nabelek's March 2000 correspondence and the DAHC's response were attached to the DAHC's motion to dismiss. In his March 2000 correspondence, Nabelek did not seek information from the DAHC pursuant to the Texas Open Records Act, and the DAHC did not deny Nabelek's request for information pursuant to section 552.028. In its response to Nabelek's 2000 request, the DAHC informed appellant that "this office has nothing in its litigation files that

did not relate to [his] prosecution" and that the DAHC would not respond to any *further* requests for information from Nabelek "[p]ursuant to the discretion accorded it for requests for information from incarcerated individuals." Thus, because Nabelek's March 2000 request does not invoke the Open Records Act, that request does not save his claims from being barred by the statute of limitations.

██ Moreover, in addition to being barred by limitations, Nabelek's claims against the DAHC also lack an arguable basis in law because the 1999 amendment to section 552.028, the subject of Nabelek's constitutional attacks, was not in effect when he requested information from the DAHC in 1995 and 1996 and, with regard to his 2000 request, Nabelek did not seek information from the DAHC in that request pursuant to the Texas Open Records Act or state that he was acting as a pro se attorney on his own behalf when requesting information from the DAHC. Furthermore, it is undisputed that Nabelek is not a licensed attorney in the state of Texas and may not avail himself of the attorney exception within section 552.028(a)(2). TEX. GOV'T CODE ANN. § 552.028(a)(2) (providing that "[a] governmental body is not required to accept or comply with a request for information from: (1) an individual who is imprisoned or confined in a correctional facility; or (2) an agent of that individual, *other than that individual's attorney when the attorney is requesting information that is subject to disclosure under this chapter* ") (emphasis

---

**6.** As stated previously, Nabelek's subsequent requests for information directed to the DAHC in 1996 and 2000 (dated October 6, 1996, October 31, 1996, November 19, 1996, and March 20, 2000) were *not* made pursuant to the Texas Open Records Act. Nabelek's 1996 and 2000 correspondence to the DAHC inquired whether the district attorney's office had certain personal property in its posses-sion belonging to Nabelek that was seized during his 1993 arrest. The DAHC responded to Nabelek's 1996 and 2000 correspondence by informing him it did not have any of the alleged items in its possession that did not relate to the prosecution of his cases and it had no knowledge of the whereabouts of such property.

added). Thus, as pled, Nabelek's constitutional attacks on section 552.028(a)(2) do not have an arguable basis in law and present, at most, only a theoretical dispute.[7]

 We conclude the trial court did not abuse its discretion in dismissing Nabelek's suit as frivolous, and we overrule issue five.[8]

In issue three, Nabelek contends the trial court erred in dismissing his suit as frivolous for non-compliance with section 14.004 of the Texas Civil Practice and Remedies Code, which requires indigent inmates to file an affidavit relating to previous filings. TEX. CIV. PRAC. & REM.CODE ANN. § 14.004 (Vernon 2002). Having concluded the trial court properly dismissed Nabelek's claims under section 14.003(a)(2) as frivolous claims, we need not address this alternative ground for dismissal, and we overrule issue three.

## II. Notice and Record of the September 13, 2002 Hearing

In issue one, Nabelek contends the trial court erred in failing to have the September 13, 2002 telephonic hearing stenographically or otherwise recorded. Nabelek appeared at the September hearing via telephone. Nabelek asserts he orally requested that a record of the hearing be made at the beginning of the hearing and that the trial court erred in denying his oral request. Nabelek contends harm is shown because his "claims, evidence and arguments presented at the September 13, 2002 hearing substantially altered those presented in the written pleadings." Nabelek also complains of not having received notice of the September 13 hearing.

The record shows that on August 29, 2002, the trial court signed an order setting the DAHC's motions and eight of Nabelek's pending motions for a telephonic hearing on September 13, 2002 at 9:00 a.m. Nabelek appeared at the hearing via telephone. There is no written record of the hearing.

 Nabelek argues the court reporter was required to make a record of the September 13 hearing pursuant to Texas Rules of Appellate Procedure 13.1 and 13.2.[9] TEX.R.APP. P. 13.1, 13.2. Rule

7. A declaratory judgment is appropriate only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought. *See Bonham State Bank v. Beadle,* 907 S.W.2d 465, 467 (Tex.1995). A justiciable controversy requires the existence of a real and substantial controversy involving a genuine conflict of tangible interests and not merely a theoretical dispute. *Id.* In his suit, Nabelek seeks a judicial determination concerning the constitutionality of the attorney exception found within section 552.028(a)(2), effective May 21, 1999, as applied to the DAHC's denials of his requests for information. Nabelek's claims are for prospective relief; no justiciable controversy exists.

8. In a post-submission brief, Nabelek argues that in the event the conviction for which he is currently serving time is overturned, he is entitled to the information he requested from the DAHC under the Texas Open Records Act because his status would have been that of a detainee at the time of his requests instead of an inmate. Given the speculative and conclusory nature of Nabelek's argument and the lack of citation to any authority, we conclude Nabelek failed to adequately brief this issue and, consequently, waived this contention. TEX.R.APP. P. 38.1(h) (requiring an appellant to provide concise argument, and authority in support thereof, in his brief).

9. In his appellate briefs, Nabelek asserts three additional reasons why the telephonic hearing was required to be recorded. First, he argues Texas Civil Practice and Remedies Code section 14.008, which governs hearings conducted by *video communications* technology, required the telephonic hearing to be recorded. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 14.008(b) (Vernon 2002). However, this section is inapplicable to the case at bar because the

13.1 provides in pertinent part, "The official court reporter or court recorder must: (a) unless excused by agreement of the parties, attend court sessions and make a full record of the proceedings. . . ." Tex. R.App. P. 13.1(a). Rule 13.2 lists a court reporter's duties, such as ensuring the recording equipment is functioning and making a detailed log of all proceedings being recorded. Tex.R.App. P. 13.2. Nabelek essentially argues these rules impose upon court reporters an absolute duty to record all proceedings.

 We first determine whether Nabelek has preserved these issues for appellate review. Texas Rule of Appellate Procedure 33.1 provides that, in general, as a prerequisite to presenting a complaint for appellate review, the record must show a timely, specific objection and a ruling by the trial court. Tex.R.App. P. 33.1(a). Likewise, Texas Government Code section 52.046,[10] which sets forth the general powers and duties of court reporters, provides that a party must *request* a court reporter to make a record of proceedings. Tex. Gov't Code Ann. § 52.046(a)(2) (requiring court reporter to attend court and make a record "[o]n request"); *see Polasek v. State*, 16 S.W.3d 82, 88–89 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd) (holding rule 13.1(a) void and proper rule stated by Texas Government Code section 52.046(a)). Here, contrary to Nabelek's assertions, the record does not show he requested that the court reporter record the September 13, 2002 hearing.[11] Simi-

September 13, 2002 hearing was conducted via telephone and not via video communications technology. Second, Nabelek argues that to the extent the reporter's record may be considered *lost* or *destroyed*, he is entitled to a new trial hearing under Texas Rule of Appellate Procedure 34.6(f). Tex.R.App. P. 34.6(f) (describing circumstances under which an appellant is entitled to a new trial due to a lost or destroyed record). Rule 34.6(f) also *is* inapplicable; the hearing was never recorded in the first place, so the reporter's record cannot be considered lost or destroyed. Finally, Nabelek asserts the telephonic hearing should have been recorded under Texas Rule of Civil Procedure 199.1. Tex.R. Civ. P. 199.1. However, Rule 199.1 governs depositions upon oral examination and has no bearing on a court reporter's duty to record a telephonic hearing before the trial court.

10. Texas Government Code section 52.046 provides the following:

(a) *On request*, an official court reporter shall:

(1) attend all sessions of the court;

(2) *take full shorthand notes of oral testimony offered before the court, including objections made to the admissibility of evidence, court rulings and remarks on the objections, and exceptions to the rulings;*

(3) take full shorthand notes of closing arguments if requested to do so by the

attorney of a party to the case, including objections to the arguments, court rulings and remarks on the objections, and exceptions to the rulings;

(4) preserve the notes for future reference for three years from the date on which they were taken; and

(5) furnish a transcript of the reported evidence or other proceedings, in whole or in part, as provided by this chapter.

(b) An official court reporter of a district court may conduct the deposition of witnesses, receive, execute, and return commissions, and make a certificate of the proceedings in any county that is included in the judicial district of that court.

(c) The supreme court may adopt rules *consistent with the relevant statutes* to provide for the duties and fees of official court reporters in all civil judicial proceedings.

(d) A judge of a county court or county court at law shall appoint a certified shorthand reporter to report the oral testimony given in any contested probate matter in that judge's court.

Tex. Gov't Code Ann § 52.046 (Vernon 2005) (emphasis added).

11. Nabelek asserts on appeal that "at the commencement of the hearing, [he] specifically requested orally that the hearing/confer-

larly, with regard to Nabelek's complaint regarding lack of notice of the hearing, the record shows appellant attended the hearing via telephone and did not object to the lack of proper notice of the hearing. By failing to request that the court reporter record the hearing or object to the reporter's failure to record and by failing to object to a lack of notice of the hearing, Nabelek has failed to preserve these issues for review. *See* TEX.R.APP. P. 33.1(a).

 Furthermore, even if Nabelek properly had preserved these issues for review, they are without merit. It is well-settled a trial court is not required to conduct an oral hearing before dismissing a suit under section 14.003 or ruling on a motion for summary judgment. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(c) (Vernon 2002) (providing a trial court *may* hold a hearing to decide whether to dismiss a suit under section 14.003); TEX.R. CIV. P. 166a(c) (providing "[n]o oral testimony shall be received" at a hearing on a motion for summary judgment); *Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 677 (Tex.1979) (noting that having a court reporter record summary judgment hearings is "a practice neither necessary nor appropriate to the purposes of such a hearing."); *Thomas v. Bilby*, 40 S.W.3d 166, 168 (Tex.App.-Texarkana 2001, no pet.) (noting trial court is not required to hold a hearing before dismissing a suit under section 14.003(a)). In addition, based on our review of the record, there were no evidentiary proceedings for the court reporter to record, and, thus, the absence of a record did not cause Nabelek any resulting harm. Moreover, Nabelek does not explain how the absence of a record of the hearing or lack of notice

of the hearing caused the rendition of an improper judgment or prevented him from properly presenting his case to this court. *See* TEX.R.APP. P. 44.1(a) ("No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of: (1) probably caused the rendition of an improper judgment; or (2) probably prevented the appellant from properly presenting the case to the court of appeals."). Thus, any error in the trial court's failure to have the court reporter record the telephonic hearing was harmless.

Accordingly, we overrule issue one.

### III. Ruling on Nabelek's Pending Motions

██ In issue two, Nabelek asserts the trial court erred in not ruling on his pending motions before dismissing his case under section 14.003. Nabelek's pending motions were set for a hearing on September 13, 2002, along with the DAHC's motions. The trial court later dismissed Nabelek's claims as frivolous but did not specifically rule on the other pending motions.

The DAHC argues the trial court's dismissal of Nabelek's claims as frivolous rendered Nabelek's pending motions moot. We agree. Under section 14.003(a), a court may dismiss a claim either before or after service of process if it finds a claim is frivolous. TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(a)(Vernon 2002). In our discussion of issue five, we conclude the trial court did not abuse its discretion in dismissing Nabelek's suit as frivolous. Thus, the trial court had no obligation to rule on

---

ence was to be recorded by both a tape recorder as well as a court reporter," and he attached to his appellate brief an affidavit in which he attests to this oral request. We may not consider a document attached as an ap-

pendix to a brief and must consider a case based upon the record filed. *Cherqui v. Westheimer Street Festival Corp.*, 116 S.W.3d 337, 342 n. 2 (Tex.App.-Houston [14th Dist.] 2003, no pet.).

Nabelek's pending motions. Additionally, the record does not show Nabelek requested the trial court to specifically rule on his pending motions or that the trial court refused to rule on the motions, thus waiving this issue, and Nabelek's motions were effectively denied when the trial court dismissed Nabelek's suit.

Accordingly, we overrule issue two.

## IV. Dismissal of Nabelek's Claims "With" or "Without" Prejudice

Nabelek's final issue on appeal concerns the trial court not specifying in the order of dismissal whether Nabelek's claims were dismissed with or without prejudice. Nabelek argues such a determination is important because of res judicata concerns if the dismissal is "with prejudice."

 A dismissal with prejudice constitutes an adjudication on the merits and operates as if the case had been fully tried and decided. *See Ritchey v. Vasquez*, 986 S.W.2d 611, 612 (Tex.1999). Orders dismissing cases with prejudice have full res judicata and collateral estoppel effect, barring subsequent relitigation of the same causes of action or issues between the same parties. *See Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 630–31 (Tex. 1992). A dismissal with prejudice is improper if the plaintiff's failure can be remedied. *See Hickman v. Adams*, 35 S.W.3d 120, 124 (Tex.App.-Houston [14th Dist.] 2000, no pet.). If the error resulting in the dismissal of an inmate's suit cannot be remedied, a dismissal with prejudice is proper. *See id.*

 We have concluded Nabelek's claims have no arguable basis in law and are frivolous. Because Nabelek cannot remedy the errors resulting in the dismissal of his suit, dismissal with prejudice under these circumstances is appropriate. Accordingly, we reform the judgment to reflect the cause is dismissed "with prejudice" and overrule issue four.

### CONCLUSION

We reform the judgment to reflect the cause is dismissed "with prejudice." As reformed, the judgment is affirmed.

KEM THOMPSON FROST, Justice, dissenting on rehearing.

On original submission, this court affirmed the trial court's judgment. I did not join in the court's opinion, but instead filed a concurring opinion. Today the court denies appellant Ivo Nabelek's motion for rehearing. After considering Nabelek's motion, I conclude that this court should grant rehearing, reverse the trial court's judgment, and remand the case for further proceedings. Accordingly, I withdraw my original concurring opinion, and issue this dissenting opinion on rehearing in its place.

### Is there reversible error based on the failure to record the September 13, 2002 hearing?

The first issue presents a classic catch–22 situation: there was no court reporter to record the hearing and without a court reporter to make the record, there was no record to preserve the complaint about the lack of a court reporter. The majority concludes that Nabelek did not preserve error on issue one because the record does not show he "requested that the court reporter record the September 13, 2002 hearing." Under the circumstances of this case, no such record is necessary to reach the merits of Nabelek's argument.

In the statement of facts in his appellate brief, Nabelek asserts that he made an oral motion at the beginning of the telephonic hearing requesting a court reporter and an audio recording of the hearing, which the trial court denied. The District Attorney of Harris County, Texas (herein-

after "District Attorney") does not challenge this factual assertion. Under Texas Rule of Appellate Procedure 38.1(f), this court will accept as true the factual contentions presented in the statement of facts section of Nabelek's brief, unless contradicted by another party.[1] *See* TEX.R.APP. 38.1(f); *see also City of Houston v. Alief I.S.D.*, 117 S.W.3d 913, 915 (Tex.App.-Houston [14th Dist.] 2003, no pet. h.) (accepting as true appellant's assertion that the tax master entered a take-nothing judgment, in the absence of any argument by appellees to the contrary and without a judgment by the tax master in the record). Because the District Attorney does not dispute that Nabelek made the request for a court reporter at the September 13, 2002 hearing, this court should take Nabelek's contention as true and thus reach the merits of Nabelek's complaints.

Nabelek contends—and the District Attorney does not dispute—that Nabelek timely requested a record to be made of the hearing. A court reporter must record court proceedings if a party so requests. *See* TEX. GOV'T CODE ANN. § 52.046(a)(2)(Vernon 2005); TEX.R.APP. P. 13.1(a). Thus, a record of the hearing should have been made upon Nabelek's request. The majority reasons that because the trial court was not required to hold a hearing in the first place, the failure to record it is of no consequence. This reasoning is flawed.

Although a trial court is not required to hold a hearing before dismissing a suit under section 14.003(a), it does not follow, as the majority suggests, that if the court elects to hold such a hearing it may deny or ignore a party's request to record the proceeding; indeed, the plain language of both Rule 13.1(a) and section 52.046(a) suggests that a record of court proceedings is a right of the parties and not within the discretion of the trial court. A record of the hearing should have been made if Nabelek requested one. *See* TEX. GOV'T. CODE ANN. § 52.046(a)(2)(Vernon 2005); TEX.R.APP. P. 13.1(a).

Nabelek alleges that the trial court denied his request for a court reporter, informing him that the hearing was only to provide the court with a "grasp" of the issues and that the court would not rely on it in its final determinations of the matters presented; therefore, the court purportedly explained, no record of the hearing was necessary.[2] Nabelek further contends that despite these assurances, the trial court did consider the arguments at the September 13, 2002 hearing in deciding to dismiss his claim. The recitations in the October 18, 2002 "Order Dismissing Case" support Nabelek's argument:

> "On September 13, 2002 the Court heard [the District Attorney]'s Motion to Dismiss Frivolous Action and Motion for Summary Judgment. At the hearing the court heard and considered the pleadings and arguments of [Nabelek] (who participated in the hearing without counsel) and counsel for the Defendant.... The Court orders as follows in connection with the Motions. It is ordered that the claims of [Nabelek] in this case are dismissed under Sec[t]ion 14.003(a)(2) of the Texas Civil Practice and Remedies Code as frivolous claims."

The order indicates that the arguments presented at the September 13, 2002 hear-

---

1. Texas Rule of Appellate Procedure 38.1(f) states in pertinent part that "the brief must state concisely and without argument the facts pertinent to the issues or points presented. In a civil case, the court will accept as true the facts stated unless another party contradicts them." TEX.R.APP. 38.1(f).

2. The District Attorney does not challenge Nabelek's statements in this regard.

ing played a role in the trial court's decision to dismiss Nabelek's claim. Nabelek, however, has not shown how the absence of a record of the hearing caused the rendition of an improper judgment or prevented him from properly presenting his case to this court. *See* Tex.R.App. P. 44.1(a). Because Nabelek has not shown harm from the court's denial of his oral request that a record be made of the hearing, he is entitled to no relief. *See State Farm Fire and Casualty Ins. Co.*, 941 S.W.2d 343, 350 (Tex.App.-Waco 1997, no pet.) (finding no grounds for reversal where appellant was unable to show harm flowing from lack of record); *Houston Lighting & Power Co. v. Klein Indep. Sch. Dist.*, 739 S.W.2d 508, 520 (Tex.App.-Houston [14th Dist.1987], writ ref'd n.r.e.) (holding appellant's rights not prejudiced on appeal based on missing portions of the record where no harm was shown). For this reason, the court correctly overrules Nabelek's first issue.

### Do Nabelek's claims have an arguable basis in law?

The District Attorney filed a motion for summary judgment asserting that Nabelek's claims are time-barred and that, as a matter of law, the statute in question is constitutional as applied to Nabelek. Although the trial court held a hearing on this summary-judgment motion, the trial court did not grant this motion or any other; rather, the trial court dismissed Nabelek's claims as frivolous under section 14.003(a)(2) of the Texas Civil Practice and Remedies Code.[3] *See* Tex. Civ. Prac. & Rem.Code Ann. § 14.003(a)(2) (Vernon 2002). Because the trial court dismissed Nabelek's claims as frivolous under section 14.003 without holding an evidentiary hearing, this court can affirm the trial court's ruling only if Nabelek's claims have no arguable basis in law. *Retzlaff v. Tex. Dept. of Crim. J.*, 94 S.W.2d 650, 653 (Tex. App.-Houston [14th Dist.] 2002, pet. denied). As the majority acknowledges, for a claim to have no arguable basis in law, it must be based on an indisputably meritless legal theory or be based on wholly incredible or irrational factual allegations. *See Nabelek*, 290 S.W.3d at 228, 2005 WL 2148999, at *3; *Minix v. Gonzalez*, 162 S.W.3d 635, 637 (Tex.App.-Houston [14th Dist.] 2005, no pet.). If Nabelek's petition has an arguable basis in law, then the trial court erred in dismissing it as frivolous. *See Retzlaff*, 94 S.W.2d at 654.

Because the trial court did not sustain any special exceptions against Nabelek's petition, this court must construe the petition liberally in Nabelek's favor. *See Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex.2000). In his petition, Nabelek alleges the following:

● Nabelek brings suit to determine the constitutionality of section 552.028 of the Texas Government Code as applied to Nabelek and his circumstances.

● The District Attorney, "when relying on [section 552.028] to deny [Nabelek] access to public information under Open Records Act (ORA), is unconstitutionally depriving [Nabelek] of his rights under the: First, Fifth, Sixth and Fourteenth Amendments of the U.S. Constitution; the Due Process,

---

**3.** Because the majority overrules issue five, it does not address Nabelek's third issue—the trial court's alleged dismissal on the alternative ground that Nabelek failed to comply with the requirements of section 14.004 of the Texas Civil Practice and Remedies Code, which requires indigent inmates to file an affidavit relating to previous filings. *See* Tex. Civ. Prac. & Rem.Code Ann. § 14.004 (Vernon 2002). The order of dismissal clearly states that it is based on section 14.003(a)(2) with no mention of section 14.004 or Nabelek's alleged non-compliance with it.

Equal Protection and Equal Opportunities Clauses of the Texas and/or U.S. Constitutions...."

- As part of his investigation and preparation for filing pro se habeas corpus actions that are now pending in the 208th District Court, Nabelek requested the District Attorney, under the Open Records Act, to give Nabelek access to all public information pertaining to Nabelek and the prosecution against him which is in the files of the District Attorney.

- The District Attorney's legal counsel, relying on section 552.028 repeatedly denied Nabelek's requests for information in their entirety, citing Nabelek's imprisonment and the District Attorney's statutory discretionary power not to comply with the request.

- There are no discovery procedures available for Nabelek to seek this public information, so the only mechanism Nabelek has to obtain this information is through the Open Records Act.

- It is important for Nabelek to obtain this public information so that he can use it in support of his arguments on habeas corpus that his trial counsel rendered ineffective assistance by not investigating the facts and applicable law and by not reviewing the District Attorney's file.

- Section 552.028 provides that a governmental body is not required to accept or comply with a request for information from an individual who is imprisoned or confined in a correctional facility.

- Section 552.028 is unconstitutional because it allows the District Attorney to deny Nabelek access to information under the Open Records Act because he is incarcerated, even though the District Attorney cannot deny access to an attorney representing Nabelek.

- Section 552.028 violates the Equal Protection and Due Process Clauses by unlawfully discriminating against Nabelek as a prisoner and depriving him of access to public information that is available to both those who are not in prison and attorneys representing prisoners.

- Nabelek seeks declaratory and injunctive relief that section 552.028 is unconstitutional as applied to him.

Without addressing the merits of Nabelek's claims, these claims are not based on wholly incredible or irrational factual allegations, and the majority has not stated or shown otherwise. Furthermore, Nabelek's claims are not based on an indisputably meritless legal theory. Regardless of whether Nabelek would succeed on the merits, it is not indisputably meritless to argue the unconstitutionality of a statute that allows a governmental body to deny an Open Records Act request from prisoners and their agents based solely on the persons' status as prisoners, while not allowing such a denial if the prisoners' attorneys make the same request. The majority does not assert otherwise; rather, the majority concludes that Nabelek's claims are frivolous because they are time-barred.

The majority's analysis conflicts with the applicable legal standard. Nothing in Nabelek's petition indicates the dates or times when Nabelek made Open Records Act requests, and nothing in the petition indicates that Nabelek's claims are time-barred. Nabelek does not assert that the District Attorney denied his Open Records Act request in 1995 and that the statutory basis for this denial is unconstitutional. Rather, in his pleadings Nabelek speaks in the present tense, asserting that the District Attorney is unconstitutionally depriving Nabelek of his constitutional rights by denying him access to public information to which he would have access if he were

not imprisoned or if he had counsel to represent him. Nabelek does state that he requested information in the past under the Open Records Act and that the District Attorney repeatedly denied these requests based on Nabelek's status as a prisoner. However, Nabelek does not state the dates on which he allegedly made these requests. The majority bases its analysis on documents contained in the District Attorney's summary-judgment evidence. However, the trial court did not grant summary judgment, so this court may not base its decision on summary-judgment evidence. The only issue before this court is whether the claims asserted in Nablelek's petition are based on an indisputably meritless legal theory or on wholly incredible or irrational factual allegations. *See Nabelek,* 290 S.W.3d at 228, 2005 WL 2148999, at *3; *Minix,* 162 S.W.3d at 637. Because Nabelek's claims are not so based, this court errs in affirming the trial court's dismissal of these claims as frivolous under section 14.003(a)(2) of the Texas Civil Practice and Remedies Code.[4] *See Elias v. DeLeon,* No.12–04–00143–CV, 2005 WL 2404113, at *2 (Tex.App.-Tyler Sept.30, 2005, no pet.) (mem.op.) (holding that prison inmate's petition asserting conversion claim had an arguable basis in law); *Minix,* 162 S.W.3d at 639 (holding that prison inmate's petition asserting Theft Liability Act claim against two correctional officers in their individual capacities had an arguable basis in law); *Retzlaff,* 94 S.W.2d at 654 (holding that prison inmate's petition

for judicial review of prison disciplinary proceeding had arguable basis in law).

Furthermore, with the exception of the situation in which the petition contains facts affirmatively showing as a matter of law that the claims are time-barred, the use of a statute-of-limitations defense to conclude that one's claims are frivolous has no support in Texas jurisprudence. Assertion of the statute of limitations is an affirmative defense,[5] which, by definition, presupposes that the prima facie elements of the alleged unlawful conduct can be established, but provides independent grounds for why the claim cannot be successful. *Heggy v. Amer. Trading Employee Retirement Account,* 123 S.W.3d 770, 778 (Tex.App.-Houston [14th Dist.] 2003, pet. denied) ("An affirmative defense does not rebut the factual propositions of the plaintiff's pleading, but instead, allows the defendant to introduce evidence to establish an independent reason why the plaintiff should not prevail.") "An affirmative defense generally accepts the existence at one time or another of a prima facie case." *Id.* Thus, it does not follow that a claim may be deemed to have no arguable basis in law or fact merely because an affirmative defense could bar the claim. The fact that a claim is potentially barred by limitations does not render it frivolous. *See Walston v. Lockart,* No. 10–03–00183–CV, 2005 WL 428433, at *6 (Tex.App.-Waco February 23, 2005, pet. denied) (Gray, J., concurring in mem. op.) (concluding that the filing of a suit upon which limitations has run, alone, is not grounds for sanctions

---

4. The majority also concludes Nabelek's claims are frivolous because there is no justiciable controversy as to his rights. However, Nabelek asserts that section 552.028 violates the Texas and United States Constitutions and prevents him from obtaining information he needs for his attempts to secure habeas corpus relief. The Attorney General asserts the statute is constitutional. Therefore, a justicia-

ble controversy exists. *See* TEX. CIV. PRAC & REM.CODE ANN. §§ 37.003, 37.004.

5. "Affirmative Defense" is defined as "[a] defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true." BLACK'S LAW DICTIONARY 430 (7th ed.1999).

or the characterization of the suit as groundless or frivolous). Even if the statute of limitations barred the claims Nabelek asserts in his petition, this would not mean Nabelek's claims have no arguable basis in law, unless Nabelek's petition asserted facts showing as a matter of law these claims are time-barred. Nabelek's petition does not assert such facts. The majority's analysis on this point is ill-reasoned.

This court should grant rehearing, reverse the trial court's order dismissing Nabelek's claims as frivolous under section 14.003(a)(2) of the Texas Civil Practice and Remedies Code, and remand for further proceedings.