Affirmed and Majority and Dissenting
Opinions filed June 17, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-08-00734-CV



Robert King Conway
Jr., Appellant 

v.

RAYNALDO
CASTRO, WARDEN II, RICHARD THOMPSON III, ASST. WARDEN, JASON JEATON, ASST.
WARDEN, RONALD FOX, MAJOR OF CORRECTIONAL OFFICERS, NELDA SANDERS, CORRECTIONAL
OFFICER IV, MARTINA CORDELL, CORRECTIONAL OFFICER V OF THE TEXAS DEPARTMENT OF
CRIMINAL JUSTICE--INSTITUTIONAL DIVISION, MICHAEL UNIT, Appellees



On Appeal from
the 349th District Court

Anderson County, Texas

Trial Court
Cause No. 349-5253



 

DISSENTING OPINION

Conway’s equal-protection claim is not
frivolous.  The trial court abused its discretion in dismissing that claim
with prejudice, and this court should reverse and remand.  Because it does
not, I respectfully dissent.

Following the hearing on August 30, 2005, the trial
court originally ruled that Conway’s claim under 42 U.S.C. § 1983 based on an
alleged equal-protection violation (“equal-protection claim”) was not frivolous
and should proceed.  However, in the process of discovery, the appellees moved
to dismiss Conway’s equal-protection claim, asserting Conway’s claim had no
arguable basis in law or fact.  Without holding another hearing, the trial
court granted appellees’ motion and dismissed Conway’s equal-protection claim
with prejudice.

Whether a claim has an arguable basis in law is a
legal question to be reviewed de novo.  In re Humphreys, 880 S.W.2d 402,
404 (Tex. 1993); Retzlaff v. Tex. Dep’t of Crim. J., 94 S.W.3d 650, 653
(Tex. App.—Houston [14th Dist.] 2002, pet. denied).  A reviewing court must
take the allegations in the inmate’s petition as true and determine whether the
inmate has alleged a claim that would authorize relief.  For a claim to have no arguable basis in law, it must be
based on an indisputably meritless legal theory or be based on wholly
incredible or irrational factual allegations.  See Nabelek v. Dist. Attorney
of Harris County, 290 S.W.3d 222, 228 (Tex. App.—Houston [14th Dist.] 2005,
pet. denied); Minix v. Gonzalez, 162 S.W.3d 635, 637 (Tex. App.—Houston
[14th Dist.] 2005, no pet.).  An inmate’s cause of
action may not be dismissed merely because the court considers the allegations “unlikely.”
See Nabelek, 290 S.W.3d at 228.  If Conway’s petition has an
arguable basis in law and fact, then the trial court erred in dismissing it as
frivolous.  See Retzlaff, 94 S.W.2d at 654.  

Because the trial court did not sustain any special
exceptions against Conway’s petition, this court must construe the petition
liberally in Conway’s favor.  See Horizon/CMS Healthcare Corp. v. Auld,
34 S.W.3d 887, 897 (Tex. 2000).  In his petition, Conway alleges a section 1983
claim based on the appellees’ alleged deprivation, under color of state law, of
Conway’s constitutional right to equal protection.  To prove a violation of his
constitutional right to equal protection, Conway must show:  (1) that he was
treated differently than other similarly situated parties, and (2) that he was
treated differently without a reasonable basis.  See Conway v. Castro,
No. 12-03-00373-CV, 2004 WL 1103584, at *3 (Tex. App.—Tyler May 12, 2004, no
pet.) (mem. op.); Sanders v. Palunsky, 36 S.W.3d 222, 225 (Tex.
App.—Houston [14th Dist.] 2001, no pet.).  As relevant in this case, Conway
alleges that he was forced to give up his craft-shop tools when his craft-shop
privileges were revoked after he received a major disciplinary case.  Conway
alleges that similarly situated inmates at the same unit and inmates at other
units in the Texas Department of Criminal Justice-Institutional Division
(“TDCJ-ID”) were not forced to dispose of their tools when their craft-shop
privileges were revoked after a major disciplinary case.  

According to Conway’s testimony at the hearing on
August 30, 2005, he does not dispute that his privileges to the craft shop were
revoked by Warden Castro after he received a major disciplinary case.  However,
he asserts that, because he was forced to dispose of his tools as a result of
the revoked craft-shop privileges, he was treated differently than other
inmates in the same unit and differently than inmates at other units in
TDCJ-ID, none of whom Conway claims had to dispose of their tools when they
similarly received major disciplinary cases.  Conway testified that (1) the
tools would be considered contraband in any other part of the unit except the
craft shop;  (2) at other units where he has had his craft-shop privileges
revoked, he was allowed to recover his tools when those privileges were
reinstated; and (3) at the same Michael Unit where he was housed in the
previous two years, other inmates had received major disciplinary cases and
lost their privileges to work in the craft shop; those inmates, however, were not
required to dispose of their tools and subsequently were able to use their
tools when they had their craft-shop privileges reinstated.  Conway’s privilege
to work in the craft shop was reinstated when Warden Moore became warden of the
Michael Unit.  Conway testified that upon reinstatement of these privileges, he
could not bring in tools from outside the unit and would have to buy new
tools.  

Conway’s claims are not based on wholly incredible or
irrational factual allegations, and the majority has not stated or shown otherwise. 
Furthermore, Conway’s claims are not based on an indisputably meritless legal
theory.[1] 
Regardless of whether Conway would succeed on the merits, it is not
indisputably meritless to claim, based on Conway’s allegations, that appellees
treated Conway differently than other similarly situated inmates without a
reasonable basis for doing so.  The majority does not assert otherwise; rather,
the majority concludes that Conway failed to plead or prove a valid right that
was violated. The majority states that Conway has not shown that he has a right
of access to the craft shop or to his tools in the craft shop.  The majority concludes
that Conway does not have any constitutional right arising out of
Administrative Directive 3.72.  Presuming that the foregoing is correct, Conway
still has a constitutional right to equal protection, and he claims that
appellees have deprived him of this right.   See Conway, 2004 WL
1103584, at *3.  The appellees have not asserted that Conway was treated the
same as similarly situated inmates, and the appellees have not asserted any
alleged reasonable basis for treating Conway differently.  Instead, the appellees
argue that Conway has failed to meet his burden of demonstrating that he was
treated differently without a reasonable basis.  This argument might be valid
in a summary-judgment context.  However, the trial court did not grant summary
judgment; it dismissed the equal-protection claim as frivolous.[2]

            The
majority’s analysis conflicts with the applicable legal standard.  The only
issue before this court is whether the claims asserted in Conway’s petition are
based on an indisputably meritless legal theory or on wholly incredible or
irrational factual allegations.  See Nabelek, 290 S.W.3d at 228; Minix,
162 S.W.3d at 637.  Because Conway’s claims are not so based, this court errs
in affirming the trial court’s dismissal of these claims as frivolous under
section 14.003(a)(2) of the Texas Civil Practice and Remedies Code.  See
Elias v. DeLeon, No. 12-04-00143-CV,  2005 WL 2404113, at *2 (Tex.
App.—Tyler Sept. 30, 2005, no pet.) (mem. op.) (holding that prison inmate’s
petition asserting conversion claim had an arguable basis in law); Minix,
162 S.W.3d at 639 (holding that prison inmate’s petition asserting Theft
Liability Act claim against two correctional officers in their individual
capacities had an arguable basis in law);  Retzlaff, 94 S.W.3d at 654
(holding that prison inmate’s petition for judicial review of prison
disciplinary proceeding had arguable basis in law).

            This
court should reverse the trial court’s order dismissing Conway’s equal-protection
claim as frivolous under section 14.003(a)(2) of the Texas Civil Practice and
Remedies Code, and remand for further proceedings. 

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

 

Panel consists of Justices Yates, Frost, and Brown. (Brown,
J., majority)

 









[1] The
majority relies on Sandin v. Conner, 515 U.S. 472, 481–82, 115 S. Ct.
2293, 132 L. Ed. 2d 418 (1995).  Sandin holds that prison regulations do
not give rise to due process rights.  Id. at 483, 115 S. Ct. at 2300. 
However, the case at hand involves an equal-protection claim, not an alleged
deprivation of due process.  





[2] The
majority also bases its decision on Conway’s alleged failure “to present
evidence that the appellees’ actions deprived him of a right,
privilege, or immunity secured by the Constitution or laws of the United
States.” See ante at p.7 (emphasis added).  Conway did not have to raise
a fact issue on the essential elements of his claim to avoid a finding of
frivolousness. See Nabelek, 290
S.W.3d at 228; Minix, 162 S.W.3d at 637.