**Opinion issued December 22, 2022.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-21-00443-CV

————————————

**STEVEN J. SMITH, Appellant**

**V.**

**MADERA RESIDENTIAL–ROCK CREEK APARTMENTS, IDEAL TOWING, AND ATK TOWING A/K/A ATK STORAGE, Appellees**

---

**On Appeal from the County Civil Court At Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 1168220**

---

## MEMORANDUM OPINION

Appellant Steven J. Smith appeals the county court at law's ruling that there was probable cause to tow his vehicle from the parking lot of his apartment complex. No record was made of the trial in the county court at law. Smith did not request a record of the trial, nor did he object to the failure of the court reporter to

make a record. To the extent Smith seeks reversal of the judgment based on the court reporter's failure to make a record of the trial, Smith has not preserved error. Because no record was made, we presume that the trial proceedings support the county court at law's judgment. We affirm.

## Background

Pursuant to the Texas Towing and Booting Act (the "Act"), *see* TEX. OCC. CODE § 2308.001-.505, Smith sued Madera Residential-Rock Creek Apartments, Ideal Towing, and ATK Towing for the removal of his vehicle without probable cause. As provided in the Act, Smith requested a hearing in the justice court. That court conducted a hearing, and after the hearing, the court entered judgment in Smith's favor.

Ideal Towing appealed to the Harris County Court at Law No. 2. After a trial, the county court at law concluded that there was probable cause to tow Smith's vehicle and entered a take-nothing judgment against Smith. The court also entered findings of facts and conclusions of law.

The factual findings included:

- Smith owned a 2011 Hyundai Accent that was towed.

- At the time the vehicle was towed, Smith was a resident of Madera Residential-Rock Creek Apartments. Pursuant to Smith's apartment lease, a vehicle that is inoperable is subject to being towed at its owner's expense.

2

- On February 5, 2021, Ideal Towing placed a sticker on the vehicle stating that it appeared to be abandoned and would be towed after three days. At the time, the vehicle appeared to be in an abandoned/inoperable state with debris on the windshield, rusted brake disks, and the inspection/registration sticker having expired in January of 2020.

- On March 18, 2021, the vehicle was in the same condition and, having received no contrary instructions from the apartment complex, Ideal Towing towed the vehicle for being abandoned and inoperable.

- The vehicle was delivered to ATK Storage for storage. Smith paid $283.20 in towing and storage fees and had the vehicle towed away from storage because it was inoperable.

  The court made the following conclusions of law:

- Petitioner filed the action pursuant to Chapter 2308, Sub-Chapter J of the Occupations Code.

- There was probable cause for towing the vehicle because of its inoperable state and because it was subject to being towed pursuant to Smith's apartment lease.

- Smith was not entitled to a refund of his costs for the towing and storage of his vehicle.

The court entered a take-nothing judgment against Smith. This appeal followed.

Construing Smith's appellate brief liberally, he asserts various arguments in support of the proposition that the evidence is factually insufficient to support the county court at law's judgment. Specifically, he argues that witnesses' testimony was false. He also argues for reversal because the court reporter did not make a record of the trial proceedings in the county court at law. Finally, he complains that the appellees did not file a motion to set aside the justice court's ruling before filing an appeal to the county court of law.

## Sufficiency of the Evidence

Smith argues that the evidence was factually insufficient to support the judgment. Specifically, he complains about the veracity of witnesses' testimony.

## A. Applicable Law

Under chapter 2308, subchapter J of the Texas Towing and Booting Act (the "Act") entitled "Rights of Owners and Operators of Stored or Booted Vehicles," a party is entitled to a hearing to challenge the towing of a vehicle if the party makes a proper request for such a hearing. *See* TEX. OCC. CODE §§ 2308.451–.460; *see also Brazos Valley Roadrunners, LLC v. Niles*, No. 10-21-00278-CV, 2022 WL 1789978 at *2 (Tex. App.—Waco June 1, 2022, no pet.) (mem. op.). Section 2308.452 specifically states: "The owner or operator of a vehicle that has been removed and placed in a vehicle storage facility . . . without the consent of the owner or operator of the vehicle is entitled to a hearing on whether probable cause

4

existed for the removal and placement . . . ." TEX. OCC. CODE § 2308.452; *Wilson v. H-Town Towing, LLC*, No. 01-18-00805-CV, 2019 WL 1388018 at *1 (Tex. App.—Houston [1st Dist.] Mar. 28, 2019, no pet.) (mem. op.). The hearing is to be conducted in a justice court having jurisdiction over the precinct from which the vehicle was towed. *See* TEX. OCC. CODE § 2308.453(a).

The primary issue at a hearing conducted under Chapter 2308 of the Act is whether probable cause existed for the removal and placement in a storage facility of a towed vehicle. TEX. OCC. CODE §§ 2308.451–452. If the court that conducts the hearing finds there was probable cause for the removal and storage of the vehicle, the "person who requested the hearing shall pay the costs of the removal and storage." *Id.* § 2308.451(a). Conversely, if the court finds that no probable cause existed for the removal and storage of the vehicle, "the towing company, vehicle storage facility, or parking facility owner or law enforcement agency that authorized the removal shall" pay the costs of removal and storage or reimburse the owner of the vehicle for removal and storage costs already paid. *Id.* § 2308.451(b). At the conclusion of the hearing, the trial court may award: (1) court costs and attorney's fees to the prevailing party; (2) the cost of any photographs submitted by the vehicle owner or operator who is the prevailing party; (3) the amount that fees exceeded the permitted amount; and (4) reimbursement of fees for towing and storage. *Id.* § 2308.458(e).

Section 2308.459 of the Act provides for an appeal from the justice court's decision. *Id.* § 2308.459; *Manderscheid v. LAZ Parking of Tex., LLC*, 506 S.W.3d 521, 527 (Tex. App.—Houston [1st Dist.] 2015, pet. denied). Appeals from justice courts are tried de novo in county court. *See* Tex. R. Civ. P. 506.3.

## B.     Analysis

Smith complains of the factual sufficiency to support the county court at law's conclusion that there was probable cause to tow his vehicle. He questions the veracity of witnesses' statements and the effect of those statements on the trial court's finding of probable cause. His complaint is based on the evidence and argument at trial.

Evaluation of the sufficiency of the evidence supporting the trial court's judgment requires that we review the evidence, including testimony, submitted during trial. *See, e.g.*, *City of Keller v. Wilson*, 168 S.W.3d 802, 810–11, 822 (Tex. 2005) (setting out standard of review); *Plas-Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 445 (Tex. 1989) (in determining factual sufficiency of the evidence, we must consider all evidence that supports or contradicts factfinder's determination). A reporter's record is necessary to consider Smith's complaints regarding the testimony at trial. *See Flores v. Aguero*, No. 01-18-00807-CV, 2020 WL 625301, at *2 (Tex. App.—Houston [1st Dist.] Feb. 11, 2020, no pet.) (mem. op.) (declining to review evidentiary basis for trial court's judgment without

reporter's record). Because it is the appellant's burden to request the court reporter to record the proceedings, an appellant waives argument about any exchanges not recorded, and when there is no reporter's record made, we assume that the trial court heard sufficient evidence to make all necessary findings in support of its judgment. *See Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (appellant bears burden to request court reporter to make record of proceedings and bring forward sufficient record to show error committed by trial court). Moreover, the trial court is the proper trier of fact in a bench trial. *See, e.g., AKIB Constr. Inc. v. Shipwash*, 582 S.W.3d 791, 805 (Tex. App.—Houston [1st Dist.] 2019, no pet.) (trial court's findings after bench trial have same weight as jury verdict, and trial court, as finder of fact in bench trial, is sole judge of witness credibility). We are unable to review Smith's complaints regarding sufficiency of the evidence without a full record. We overrule his first issue.

### Court Reporter

Smith argues that the judgment should be reversed because the county court at law did not have a court reporter present during the trial. Generally, if a party wants a court reporter to record trial court proceedings, the party must request the court reporter to do so. *See* TEX. GOV'T CODE § 52.046(a) (stating court reporter shall record proceedings "on request"); *Johnson v. Freo Tex. LLC*, No. 01-15-

7

00398-CV, 2016 WL 2745265, at \*3 (Tex. App.—Houston [1st Dist.] May 10, 2016, no pet.) (mem. op.) (stating under section 52.046 of the Government Code, court reporter is not obligated to record trial proceedings unless party requests); *Nabalek v. Dist. Att'y of Harris Cnty.*, 290 S.W.3d 222, 231 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (same).

The record does not reflect that Smith requested a record be made nor does it reflect that he brought any objection to the lack of reporter to the trial court's attention. *See Giles v. Fed. Nat'l Mortg. Ass'n*, No. 14-14-00931-CV, 2016 WL 308575, at \*1 (Tex. App.—Houston [14th Dist.] Jan. 26, 2016, no pet.) (mem. op.) (stating objection to lack of reporter's objection could have been made in writing and included in clerk's record). Smith's failure to comply with the applicable laws and rules of procedure is not excused because he was proceeding pro se. *See Johnson*, 2016 WL 2745265, at \*3 (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978)). Smith did not properly request a reporter's record, nor did he preserve his complaint that the trial court did not provide one. *See* TEX. R. APP. P. 33.1. Accordingly, Smith cannot show error in failure to take a record. *See Nabalek*, 290 S.W.3d at 231 (party cannot show error in failure to take record if party does not demonstrate that it requested court reporter take a record). We overrule his complaint regarding lack of a court reporter and reporter's record.

**Appeal to the County Court at Law**

Finally, Smith argues that the appellees failed to file a motion to set aside the justice court's order before appealing to the county court at law. Ideal Towing responds that the Texas Rules of Civil Procedure did not require such a motion. We agree.

A party may file a motion for new trial no later than 14 days after a judgment is signed. TEX. R. CIV. P. 505.3(c). A party need not move for new trial as a prerequisite for appealing the judgment. *See id.* § 505.3(d) ("*Motion Not Required.* Failure to file a [motion for new trial] under this rule does not affect a party's right to appeal the underlying judgment.") A party perfects an appeal from the justice court to the county court at law by paying a bond, cash deposit, or filing a statement of inability to pay court costs. *See id.* § 506.1(h). The case must be tried de novo in the county court. *Id.* § 506.3. "A trial de novo is a new trial in which the entire case is presented as if there has been no previous trial." *Id.*

The appellees did not err by appealing the judgment to the county court at law without first moving for a new trial in the justice court. We overrule Smith's third issue.

## Conclusion

We affirm the judgment of the trial court.


Peter Kelly
Justice

Panel consists of Justices Kelly, Rivas-Molloy, and Guerra.