

# IN THE
# TENTH COURT OF APPEALS

—————————

### No. 10-22-00041-CV

—————————

**MARVIN W. HAWKINS,**

                                                        **Appellant**

 **v.**

**SENTRY CASUALTY COMPANY,**

                                                        **Appellee**

—————————

**From the 414th District Court
McLennan County, Texas
Trial Court No. 2019-572-5**

—————————

## MEMORANDUM  OPINION

—————————

Marvin Hawkins appeals from a judgment that affirmed the Texas Department of Insurance-Division of Workers' Compensation (DWC) contested case hearing decision and appeals panel order.  Hawkins proceeded *pro se* both at trial and in this appeal. Hawkins complains that the trial court erred by excluding evidence and that the evidence was factually insufficient to support the trial court's findings.  Because we find no reversible error, we affirm the judgment of the trial court.

The trial before the court started on September 21, 2021. During the trial on that date, Hawkins provided the trial court with a compact disc which he asserted contained records from a proceeding before the Social Security Administration. The CD was unable to be opened because it was encrypted. Hawkins asked the trial court for additional time to procure a readable copy of the records on the CD which the trial court granted and continued the trial to October 8, 2021. The trial continued and was completed on October 8; however, no reporter's record was apparently made that day.[1] The trial court's docket sheet entry reflects that, after the trial, it took the matter under advisement. The trial court later entered its judgment and findings of fact and conclusions of law, which contained the same findings as the order issued by the DWC appeals panel.

**EXCLUSION OF EVIDENCE**

In his first issue, Hawkins complains that the trial court erred by failing to admit records he attempted to introduce into evidence during the bench trial that were from his social security disability proceeding. Sentry contends that Hawkins has not preserved this issue for appeal because there is no record showing that Hawkins offered the records into evidence or sought a ruling on their admissibility.

The burden is on the party appealing from a judgment to ensure that a sufficient

---

[1] This Court abated this appeal to the trial court to ascertain if Hawkins, who is indigent for purposes of this appeal, had requested the record and after he did, whether or not a reporter's record was made of the trial conducted on October 8, 2021. The district court judge, who was not the trial judge who conducted the trial, made a factfinding that no record was made of the trial on that date. Hawkins was given the opportunity to challenge that assertion with this Court, but he has not done so. Therefore, we will proceed and find that the trial court's determination that no record exists of the trial on October 8, 2021 is proper.

record is presented to show error requiring reversal, including requesting that the court reporter record any proceedings. *See Diaz v. Ellis Cnty.*, No. 10-09-00327-CV, 2010 Tex. App. LEXIS 8666, 2010 WL 4243622, at *1 (Tex. App.—Waco Oct. 27, 2010, no pet.) (mem. op.). With limited exceptions not applicable here, "[c]ourt reporters are not required to transcribe court proceedings unless a party requests it . . . ." *Mitchell v. MAP Res., Inc.*, 649 S.W.3d 180, 191 n.10 (Tex. 2022) (*citing* TEX. GOV'T CODE ANN. § 52.046(a)); *see also Nabelek v. Dist. Att'y of Harris Cnty.*, 290 S.W.3d 222, 231 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). The record does not reflect that Hawkins requested a reporter's record of the proceedings. Without a reporter's record of the proceedings, Hawkins cannot properly establish that the records were offered or that the trial court abused its discretion by refusing to consider them as Hawkins alleges. Hawkins has not preserved this issue, and therefore, we are unable to consider it. We overrule issue one.

## FACTUAL SUFFICIENCY

In his second issue, Hawkins argues that the evidence was factually insufficient because the trial court did not consider the other evidence he alleges was presented and excluded. When an appellant intends to raise any challenge involving the evidence or argument presented to a factfinder, a reporter's record is necessary. *See Vernco Constr., Inc. v. Nelson*, 460 S.W.3d 145, 150 (Tex. 2015). Because there is no reporter's record due to Hawkins's failure to properly request that one be prepared, we must presume that the trial court's judgment is supported by sufficient evidence. *See id.*; *Englander Co. v.*

*Kennedy*, 428 S.W.2d 806, 807 (Tex. 1968) ("The burden is upon a party appealing from a trial court judgment to show that the judgment is erroneous in order to obtain a reversal. When the complaint is that the evidence is factually or legally insufficient to support vital findings of fact, or that the evidence conclusively refutes vital findings, this burden cannot be discharged in the absence of a complete or an agreed statement of facts."). Accordingly, Hawkins's second issue is overruled.[2]

CONCLUSION

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Affirmed
Opinion delivered and filed November 7, 2024
[CV06]



---

[2] In the section of the appellant's brief labeled "Issues Presented," Hawkins lists five issues. Issues 3-5 relate to the evidence ostensibly introduced at trial. There is no argument or case authority in support of those issues presented, but, even if those issues were adequately briefed, the issues are not preserved due to the lack of a reporter's record like Hawkins's first two issues.