# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00545-CV

**Alejos Perez, Appellant**

**v.**

**City of Fort Worth; Tarrant County, Texas; and J. R. Molina, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT NO. D-1-GN-16-001165, HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Alejos Perez, an inmate confined in the Institutional Division of the Texas Department of Criminal Justice, who is appearing pro se and in forma pauperis, appeals the dismissal of his suit. Because we conclude that the trial court did not abuse its discretion in dismissing Perez's suit pursuant to chapter 14 of the Texas Civil Practice and Remedies Code, we will affirm. *See* Tex. Civ. Prac. & Rem. Code §§ 14.001-.014 (inmate litigation).

### FACTUAL AND PROCEDURAL BACKGROUND

In 1989, Perez was indicted for (1) intentionally causing the death of an individual by shooting him during the course of committing or attempting to commit the offense of robbery, a capital offense; (2) intentionally and knowingly causing the death of an individual by shooting him; and (3) intentionally and knowingly, in the course of committing theft of property, threatening and placing an individual in fear of imminent bodily injury. Perez was separately indicted for

intentionally, and with the intent to commit the offense of murder, shooting a different individual. Perez, represented by appellee J.R. Molina, pleaded guilty to first degree murder (count two of the indictment) and was sentenced to life in prison. The court entered a "plea in bar" pursuant to section 12.45 of the Texas Penal Code with respect to the separate indictment for attempted murder.[1] Perez is currently incarcerated in the Institutional Division of the Texas Department of Criminal Justice.

Perez filed the underlying proceeding in Travis County district court in March 2016. Perez titled his pleading a "petition for declaratory judgment" and asserted that the trial court had jurisdiction over the suit pursuant to section 2001.038 of the Texas Government Code. *See* Tex. Gov't Code § 2001.038 (permitting challenge to validity or applicability of agency rules).[2] Perez alleged that the application of an unspecified rule had impaired or threatened to impair a legal right or privilege. As defendants, Perez named the City of Fort Worth's Police Department, Tarrant County, the Texas Department of Public Safety Crime Laboratory,[3] and Molina, his former defense

---

[1] Texas Penal Code section 12.45 provides that during a sentencing hearing and with the State's consent, a defendant may admit his guilt of an unadjudicated offense and request that the court take the offense into account in determining the sentence for the offense of which he has been adjudged guilty. Tex. Penal Code § 12.45(a). If the trial court lawfully takes into account an admitted offense under section 12.45, prosecution for that offense is barred. *Id.* § 12.45(c).

[2] Perez's pleadings also include as a named plaintiff "Stuart Jenkins, Director of the Texas Board of Pardons and Paroles." Until his retirement in August 2016, Jenkins was the Director of the Texas Department of Criminal Justice Parole Division. Perez does not have the authority to represent Jenkins or take any legal action on his behalf. Jenkins is not, therefore, a party to this proceeding.

[3] The Texas Attorney General, on behalf of the Texas Department of Public Safety, advised the trial court in an "amicus curiae advisory brief" that Perez's attempted service of citation was not in compliance with applicable statutes and, consequently, the Texas Department of Public Safety would file no responsive pleading. On the trial court's dismissal of the case, the claims against this unserved party are considered to have been discontinued and it is not a party to this appeal. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 674 (Tex. 2004) (suit against party that was never served with

2

counsel. Although Perez's petition is not a model of clarity, we discern from our review of the pleadings that his chief complaint is the failure to be released on parole due to the actions of appellees, whom he alleged failed to provide accurate information relevant to the parole decision to the Texas Board of Pardons and Paroles.

In his petition Perez asserted that the appellees intentionally and maliciously breached their "duty of ordinary care" to him by failing to provide to the Texas Board of Pardons and Paroles documents or other information that would demonstrate he was entitled to be released on parole. Perez referred to unspecified defects in the indictment and to an alleged failure to dismiss an "illegal manufecture [sic] indictment," which Perez asserted had to be done before he could be convicted of a "(lower) lesser-criminal charge," and appears to complain of the failure to provide this information to the Board. Perez also asserted that the appellees violated his constitutional right to equal protection under the Texas Constitution through conduct that constituted racial discrimination, apparently by finding that Perez has shown a "conscious disregard while in prison for the lives, safety and undue (threat) to the public."[4] Perez's petition made an apparent reference to the fact that he was not convicted of capital murder, but only of first degree murder, and seems to attribute the failure to

_____

citation and that did not file answer was considered discontinued, and order granting summary judgment disposing of all other parties and claims was final for purposes of appeal (citing *Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 232 (Tex. 1962))).

[4] This allegation appears to be a reference to the most recent denial of parole on October 22, 2014. The Texas Department of Criminal Justice records reflect that Perez was denied favorable parole action because: "The record indicates that the inmate committed one or more violent criminal acts indicating a conscious disregard for the lives, safety, or property of others; or the instant offense or pattern of criminal activity has elements of brutality, violence, or conscious selection of victim's vulnerability such that the inmate poses a continuing threat to public safety; or the record indicates use of a weapon."

3

release him on parole to an inaccurate, and uncorrected, belief by the Board that his conviction was for capital murder. Perez alleged that the information he contends is inaccurate, and that appellants have failed to correct, has been used over and over to deny him a pardon or release on parole despite the fact that he has "for years met all requirements . . . to travel in and out of prison unit (security gates) without prison-security-escort, and is allowed to be close near prison guard with (guns) weapons in there[sic]-possession daily" as required by his trustee job duties. Perez also stated that despite his coming and going without a prison security escort, there had been no reported attempt by him to escape, a fact presumably supporting his suitability for parole.

From these allegations, we understand Perez to complain that the actions of the appellees have resulted in the denial of what he contends is his legal right or privilege to be released on parole.[5] The relief Perez requested was that (1) the court send "a temporary order notice to the adverse party: Joe Lange and Richard Aiello,"[6] (2) he be awarded $600,000 in compensatory damages from each defendant, and (3) he be awarded $600,000 in punitive damages from each defendant.

Tarrant County, the City of Fort Worth, and Molina each filed motions to dismiss Perez's suit pursuant to chapter 14 of the Texas Civil Practice and Remedies Code, arguing that the claims Perez asserted had no arguable basis in law because (1) governmental immunity barred the asserted claims; (2) Perez had no right to be released on parole; and (3) parole decisions are not city or county functions. *See* Tex. Civ. Prac. & Rem. Code § 14.003(a) (court may dismiss claim if it

---

[5] Our understanding is based on the allegations in the petition, along with Perez's jurisdictional statement that this is a challenge to a "rule" whose application interferes with or threatens to interfere with or impairs a legal right or privilege.

[6] The relation of these individuals to the case is not explained.

finds that claim is frivolous); (b) (in determining whether claim is frivolous, court may consider whether claim has no arguable basis in law or in fact). The district court held a hearing and heard argument from counsel for the defendants and from Perez. After the hearing, the court signed three separate orders granting each of the defendants' motion to dismiss. This appeal followed.

## DISCUSSION

Chapter 14 of the Texas Civil Practice and Remedies Code applies to all suits, such as this one, filed by inmates who declare themselves unable to pay costs. *Id.* § 14.002(a). Section 14.003 authorizes a trial court to dismiss an inmate claim, filed in forma pauperis, either before or after service of process occurs, if it finds the claim to be frivolous. *Id.* § 14.003(a)(2). A claim is frivolous if it has no basis in law or fact. *See id.* § 14.003(b)(2). A claim is considered to have no basis in law when either the legal theory on which it is based is indisputably meritless or the factual allegations on which it is based are wholly incredible or irrational. *Nabelek v. District Att'y of Harris Cty.*, 290 S.W.3d 222, 228 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). A claim is also frivolous if its realistic chance of ultimate success is slight. *See* Tex. Civ. Prac. & Rem. Code § 14.003(b)(1).

We review dismissal under chapter 14 for an abuse of discretion. *Leachman v. Dretke*, 261 S.W.3d 297, 303 (Tex. App.—Fort Worth 2008, no pet.). A trial court abuses its discretion if it acts unreasonably or without reference to any guiding rules or principles. *Id.* We review de novo whether the plaintiff's claims have no basis in law such that dismissal on that ground is authorized. *See Retzlaff v. Texas Dep't of Criminal Justice*, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). We examine the claims asserted and the relief

5

requested to determine whether the petition stated a cause of action that could authorize relief. *Hamilton v. Williams*, 298 S.W.3d 334, 339 (Tex. App.—Fort Worth 2009, pet. denied).

Perez's brief does not identify specific appellate issues but, construing his brief liberally, he appears to challenge three actions by the trial court: (1) granting the motions to dismiss; (2) failing to transfer the case to Tarrant County after Perez filed a motion to transfer venue; and (3) failing to grant Perez's motions for default judgment. We address these complaints in turn.

In his petition, Perez complained of alleged irregularities and errors made in connection with his parole proceedings. He took issue with the veracity and completeness of the information permitted to be considered at the parole hearing and alleges that the failure to grant him parole was the result of race-based discrimination. Section 1983 of the United States Code creates a civil action for deprivation of a person's rights, privileges, or immunities secured by the Constitution, or laws, of the United States by a person acting under color of state law. *See* 42 U.S.C. § 1983. Although Perez did not cite section 1983 in his pleadings, he asserted that the refusal to release him on parole resulted from racial discrimination in violation of his constitutional right to equal protection. The United States Supreme Court has held that an inmate in state custody cannot use a section 1983 action to challenge "the fact or duration of his confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Instead, the inmate should seek federal habeas corpus relief or appropriate state relief. *Id.* In the present case, Perez essentially argued that he was denied parole and his confinement was extended as the result of racial discrimination. As such, Perez should have asserted his claims in a petition for writ of habeas corpus. *See id.*

In addition, Texas courts have held that a person alleging, as does Perez, that irregularities occurred during parole proceedings should raise those issues by way of a post-

6

conviction application for writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure. *See Board of Pardons & Paroles v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995); *see also Williams v. Owens*, No. 11-06-00184-CV, 2007 WL 2284551, at *2 (Tex. App.—Eastland Aug. 9, 2007, pet. denied) (mem. op.) (per curiam) (citing Tex. Code Crim. Proc. art. 11.07; *Board of Pardons & Paroles*, 910 S.W.2d at 484). Article 11.07 of the code of criminal procedure provides that the Texas Court of Criminal Appeals retains the exclusive authority to grant relief in such proceedings. *See* Tex. Code Crim. Proc. art. 11.07, § 3; *see also Board of Pardons & Paroles*, 910 S.W.2d at 484.

Because a writ of habeas corpus is the exclusive remedy for addressing alleged irregularities occurring during parole proceedings, and because Perez is essentially challenging the duration of his incarceration, the trial court did not have jurisdiction to grant Perez the relief requested in his original petition. Because the trial court did not have subject-matter jurisdiction over Perez's claims, it did not abuse its discretion in concluding that Perez's claims had no arguable basis in law and in dismissing the claims as frivolous. *See* Tex. Civ. Prac. & Rem. Code § 14.003(a).[7]

---

[7] We also observe that Perez was convicted of a "3g" offense and is therefore not eligible for "mandatory supervision release." Tex. Gov't Code § 508.149(a)(1) (inmate may not be released to mandatory supervision if serving sentence for offense for which judgment contains affirmative finding under code of criminal procedure article 42.12 section 3g(a)(2)); Tex. Code Crim. Proc. art. 42.12; § 3g(a)(2) (affirmative finding that defendant used or exhibited deadly weapon). Moreover, because Perez was convicted of murder in December 1989 and the judgment of conviction contains an "affirmative finding under section 3g(a)(2)" that Perez used a deadly weapon in committing the murder for which he was convicted and was sentenced to life in prison, it appears that he would not, in any event, be "eligible for release on parole" under Texas Government Code section 508.145(d)(1) until he has served "30 calendar years" of his sentence. *See* Tex. Gov't Code § 508.145(d)(1) (inmate serving sentence for which judgment contains affirmative deadly weapon finding is not eligible for release on parole until actual calendar time served, without consideration of good conduct time, equals one-half of sentence or 30 calendar years, whichever is less).

Perez also argues that the trial court should not have considered or acted on the motions to dismiss because in the motions the defendants "refused' to include Jenkins as a plaintiff which, in Perez's view, was in contravention of Rule 25 and Rule 26 of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 25 (requirements for clerk's file docket); 26 (requirements for clerk's court docket). Those rules do not, however, purport to impose any requirements for pleadings filed by the parties. Moreover, the trial court could have dismissed Perez's claims even in the absence of a motion requesting it to do so. *See* Tex. Civ. Prac. & Rem. Code § 14.003(a) (court may dismiss claim, *either before or after service of process*, if court finds that claim is frivolous); *Conely v. Texas Bd. of Criminal Justice*, No. 03-10-00422-CV, 2011 WL 3890404, at \*4 (Tex. App.—Austin Aug. 31, 2011, no pet.) (mem. op.). Finally, as previously noted, Perez did not have authority to bring suit on behalf of Jenkins, and he was therefore not a party to the underlying proceedings.

In his brief, Perez also asserts that the trial court erred by failing to grant his motions for default judgment against each of the defendants and by failing to grant his motion to transfer venue. The trial court determined, and we agree, that Perez's claims had no arguable basis in law. A default judgment is properly granted only if the facts set out in the petition alleged a viable cause of action. In such a case, the default judgment conclusively establishes the defendant's liability. *Morgan v. Compugraphics, Co.*, 675 S.W.2d 729, 731 (Tex. 1984). Here, the trial court lacked subject-matter jurisdiction to consider Perez's claims as alleged and would have erred by granting a default judgment. *See Hyunh v. Vo*, No. 01-02-00295-CV, 2003 WL 1848607, at \*3 (Tex. App.—Houston [1st Dist.] Apr. 10, 2003, no pet.) (mem. op.) (when plaintiff's claims could not succeed as a matter of law, trial court erred in rendering judgment on that claim). Because it

8

lacked subject-matter jurisdiction over the case it would also have been error for the trial court to grant Perez's motion to transfer venue.

## CONCLUSION

We overrule each of Perez's challenges to the trial court's dismissal of his claims as frivolous pursuant to chapter 14 of the Texas Civil Practice and Remedies Code. Consequently, we affirm the trial court's judgment.

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed: January 11, 2017

9